GEORGE A. CHAMBERLAIN v. MAX CHAMBERLAIN, *et ux.*

155 So. 136.
Opinion Filed May 23, 1934.
Petition for Rehearing Denied June 5, 1934.

*Leland Hyzer,* for Plaintiff in Error;

*Evans & Mershon, M. L. Mershon* and *L. L. Robinson,* for Defendants in Error.

TERRELL, J.—The record here discloses that in 1887 John N. Chamberlain of Oak Bluffs, Massachusetts, took from an orphanage a little boy seven years old and gave him the name of Max Chamberlain. John N. Chamberlain and his wife assumed the relation of parents to Max and treated him as their own child, but never legally adopted him. John N. Chamberlain was a photographer and moved to Miami in 1896, where he continued to reside to the day of his death in November, 1925, at whch time he had accumulated a valuable estate.

At the time of his death the sole surviving heir of John N. Chamberlain was his son, George A. Chamberlain, the plaintiff in error. George A. Chamberlain had never lived with his father in Florida, but from the time he finished school had lived in Wisconsin. Max Chamberlain lived with and worked for his foster father till he was married in 1920, and after that he continued to look after him (John N. Chamberlain) and his wife worked for him in his photograph business. A deep feeling of love and affection existed between the family of Max Chamberlain and John N. Chamberlain to the death of the latter, which occurred well into his eighties. In his last years he was their constant care and companion. John N. Chamberlain at no time paid Max Chamberlain or his wife a wage or salary.

More than a year before his death John N. Chamberlain purchased a frame bungalow and lot in Miami and made Max Chamberlain and his wife a present of it. They went into possession at once, have continued to live on it, and use it as their home. It is shown that this gift was out of gratitude for their kindness to the donor and was in line

with what he (John N. Chamberlain) had done for his son, the plaintiff in error, and some other relations.

In August, 1930, George A. Chamberlain instituted an action in ejectment against Max Chamberlain and his wife to test title to the lot and bungalow in possession of Max Chamberlain. To the declaration, a plea of not guilty and two pleas on equitable grounds were filed. A demurrer to the latter pleas was sustained, the cause was tried before the court without a jury and there was a finding of law and fact and a judgment in favor of the defendants. A new trial was denied and the instant writ of error was from that judgment.

Counsel are in disagreement as to the questions involved. Several have been argued. There are no material conflicts in the evidence. The gift of the house and lot to Max Chamberlain was in parol and the action was brought after a distribution of the estate of John N. Chamberlain to the plaintiff in error. Both parties claim title from John N. Chamberlain, Max by gift, and George A. as his sole surviving heir.

The real point at issue between the parties, is whether or not equity will approve a parol gift of land in face of the statute of frauds without conclusive proof of the concurrence of these elements: (1) proof of the gift, (2) proof that possession was taken in reliance on the gift, and (3) proof that the donee made permanent and valuable improvements on the faith of the gift with the acquiescence of the donor.

To support his claim of title, plaintiff in error relies on the enforcement of the foregoing rule and contends that there is not a blending of these three elements in defendant's title in that it is shown that he has made no improvements thereon. As against the contention of plaintiff in error,

defendant in error contends that equity will not permit the donor of a parol gift of real property to invoke the statute of frauds to revoke it, if it is shown that the donee after taking· possession has so changed his position or circumstances that to revoke the gift would amount to the perpetration of a fraud on him.

It cannot be gainsaid that as a general rule, to establish a parol gift to real estate against the statute of frauds, the donee must prove the gift, that he took possession of the lands in reliance on it and that on faith of the gift, he had made valuable improvements thereon, with the acquiescence of the donor. But to hold this rule inflexible or unchangeable like the fabled law of the Medes and Persians, would be contrary to what has been the established practice in every country whose system of jurisprudence is founded on the common law.

The distinguishing characteristic of the common law is that it expands or contracts to meet the changing conditions of the social and economic order of which it forms a rule of conduct. The law is dynamic; it must approach certainty, but it can never stand still. It is of all things an instrument of expanding life and its principles must be so applied as to bring within its compass new situations that constantly develop in the progress of changing times and conditions. The common law of England and the common law of Florida, were developed that way. Rules of law, unlike rules of mathematics, are replete with exceptions and are eternally the subject of change and modification, and whether or not they change, depends on the facts precipitating the cases they govern.

The Chancellor below found that there was a valid, complete gift *inter vivos* of the lot and house brought in question, from John N. to Max Chamberlain and his wife, that

the gift was accepted by the latter and had been continually claimed and occupied by them in reliance upon it. It was also found that Max Chamberlain and his wife rendered valuable services to John N. Chamberlain personally and in his business for many years prior to the gift and from the date of the gift to his death, that no claim was ever made for these services, that George A. Chamberlain was the sole heir of John N. Chamberlain, that this action was not brought till long after the estate was distributed and long after the time allowed by law for filing claims against the estate of John N. Chamberlain, and that to now revoke the said gift would be to such prejudice of the defendants as to amount to the perpetration of a fraud on them.

On the facts, the decree of the Chancellor is amply supported by the record. In other words, it was proven that the gift was made and accepted and possession of the land taken by the donee in reliance on it. It is not claimed that the donee made valuable and substantial improvements on the land after he accepted it, but it is shown that he performed valuable and varied services to the donor before and after the gift, for which he now has no remedy because the estate has been closed and the delay in bringing this action.

For this reason the position of the defendant in error has so changed that it would amount to the perpetration of a fraud on him not to enforce the gift. The services rendered by the donees prior to and after the gift, the fact that Mrs. Max Chamberlain looked after the business of the donor for years, nursed him in his advanced years without compensation to her, looked after him as if he were her own father, thereby enriching his estate in the hands of the plaintiff in error, the companionship John N. Chamberlain derived from association with the defendants and

their children which he regarded as his grandchildren, were of such peculiar value, incapable of pecuniary reward, but they are ample predicate on which to enforce the gift.

The cases are numerous where services of the kind here disclosed have been held sufficient to estop the plaintiff from invoking the statute of frauds to defeat a parol gift when other essentials have been complied with. In the case at bar the plaintiff would be estopped from invoking the statute of frauds to defeat the gift because of *laches* in bringing his action. White v. Pool, 74 N. H. 71, 65 Atl. 255; Brasch v. Reeves, 124 Minn. 114, 144 N. W. 744; Trebesch v. Trebesch, *et al.*, 130 Minn. 368, 153 N. W. 754; Cooper v. Monroe, 77 Hun N. Y. 1, 28 N. Y. Supp. 222; Wells v. Davis, 77 Tex. 636, 14 S. W. 237; Altgelt v. Escalera, 51 Tex. Civ. App. 108, 110 S. W. 989.

The judgment below must be and is hereby affirmed.

Affirmed.

Davis, C. J., and Whitfield, Brown and Buford, J. J., concur.