TERRELL, Justice.
Appellant as complainant filed his bill of complaint praying specific performance of an alleged oral agreement with Hattie Phippen to devise her home place to him in consideration of services rendered her by complainant and his wife. The bill also prayed that in the event specific performance could not be decreed, an accounting be required and a lien impressed on the properties to secure payment for the services rendered. On hearing after answer and testimony the chancellor entered a final decree denying the relief prayed for and dismissed the bill of complaint. This appeal was prosecuted.
Several questions are presented for determination but the parties are not in agreement as to their statement or content. The crucial point in the case is whether or not the alleged oral contract was sufficiently definite to compel performance even if requirements of the Statute of Frauds, F.S.A. § 725.01, are met.
It appears that Hattie E. Phippen, a widow, owned Lots 1, 2, 3, 4, and 5, Block 69, Northgate Subdivision, Miami, and that her home was on Lot 4. On advice of friends, she induced appellant and his wife to move in and occupy a portion of her home rent free. Several months later on information from complainant that he had acquired a home in another part of the city and expected to occupy it soon, Mrs. *338 Phippen made him the proposal on which this suit is predicated, as follows: “if I would not move out and leave her and would stay with her and continue to do the things I had been doing, that she would leave me the home place” or “if we would stay on and continue as we had been doing, caring for her and staying with her night times and not leaving her alone, that she would give us the home place there.”
This proposal was made early in 1949 and was accepted by complainants. They continued to reside with Mrs. Phippen until a few months before her death, July 6, 1951. At that time they were in South Carolina where they had been for about ten weeks, building a house, but returned for the funeral and lived in the Phippen home until they were requested to pay rent by the executor, Mrs. Phippen having executed her will and left her estate to relatives. There was no provision in the will for the benefit of appellant so he brought this suit to compel performance of the alleged oral agreement.
The court has repeatedly held that equity will not enforce a parol gift of land in face of the Statute of Frauds, absent conclusive proof of these elements: (1) words showing an intent to give the land, (2) that possession was taken in reliance on the gift, and (3) that the donee made permanent and valuable improvements in anticipation of the gift, with the donor’s acquiescence. Chamberlain v. Chamberlain, 115 Fla. 21, 155 So. 136, and many others. Appellees contend that relief should be denied because they say the point should have been litigated in the probate court the assets being in the hands of the executor under the will of Mrs. Phippen. We are not convinced of the merit to this contention because complainant elected to bring a suit for specific performance. He had a right to do this and the circuit court had jurisdiction of the cause. The Circuit Court also has coordinate jurisdiction with the probate court in probate matter.
A fair appraisal of the evidence shows that Mrs. Phippen made the proposals to appellant in substance the equivalent .of that heretofore referred tó and quoted. It is admitted that the parol promise was never reduced to writing, and it does not appear that appellant took such possession of the place and made improvements on it that would satisfy the Statute of Frauds. Such possession as he assumed was the occupancy of a portion of the home, rent free, in exchange for company and protection to Mrs. Phippen. It is shown that appellant painted the house and made other minor improvements, but Mrs. Phippen paid him for them. There is no showing that appellant made permanent improvements on the property, at his own expense in anticipation of the gift. He is not shown to have had dominion over the property at any. time.
The evidence also shows that appellant left Mrs. Phippen ten weeks before she died and went to South 'Carolina to build a house. It is true that he returned for her funeral but she was badly in need of his services while he was away, a portion of which time she occupied a rest home. He has never paid any taxes or insurance on the property. He did not file a claim for services or institute this suit for specific performance for more than three months after Mrs. Phippen’s death. The evidence further shows that Mrs. Phippen made no provision in her will for appellant, that the will was duly probated and notice to creditors was given but that appellant did not offer to contest the will or file any claim against the estate for services. Even if the agreement was definite enough to be enforced, the evidence fell far short of meeting the requirements of the Statute of Frauds. The chancellor so found and dismissed the bill.
The chancellor also found that the plaintiff failed to prove any unpaid claim against the estate of Mrs. Phippen. The primary issue before the court was specific performance. The bill of complaint prays in the alternative for accounting but we find nothing to support such a prayer. If he has a claim against the estate he has his remedy at law. The decree appealed from is therefore affirmed.
Affirmed.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.