82 So.2d 672 (1955)
A.J. TILLMAN and Lottie Tillman, his wife, Appellants,
v.
PITT COLE COMPANY et al., Appellees.
Charles L. DE FOREST and Natalie W. DeForest, his wife, Appellants,
v.
PITT COLE COMPANY et al., Appellees.
Supreme Court of Florida. Special Division B.
September 16, 1955.
Rehearing Denied October 19, 1955.
*673 John R. Parkinson, Daytona Beach, for appellants.
Murray Sams and Hull, Landis, Graham & French, DeLand, for appellees.
EDWIN L. JONES, Associate Justice.
This is the second appearance of these causes before this Court.
On April 24, 1951, in an opinion by Mr. Justice Chapman, the facts creating the controversy were related in detail and at that time this Court had for determination the question as to whether the lower Court erred in striking an answer and objections or petitions filed by appellants in opposition to the petition or application presented by appellees seeking issuance of a writ of assistance directed to the property possessed by appellants. The cause was reversed thus holding that appellants' answer or objections was sufficient, if properly proven, to establish a trust in favor of appellants. Tillman v. Pitt Cole Co., Fla., 53 So.2d 772.
While several questions have been raised in the brief of appellants, the determining factor and real issue is whether or not the evidence adduced by appellants in seeking to prove the allegations as set forth in their answer and objections or petition is sufficiently clear, strong and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust.
S.P. Cole and wife owned certain real property in Volusia County, Florida. They gave to Jefferson Standard Life Insurance Company two notes and mortgages encumbering said property. Thereafter they entered into a purchase and sale agreement with Edna O'Harra and Juanita K. Moore to convey 273 acres of this land subject to the two mortgages. O'Harra and Moore then entered into a purchase and sale agreement with A.J. Tillman and wife to convey this land subject to the two mortgages. S.P. Cole and wife executed a deed pursuant to the agreement with O'Harra and Moore but a release of the land from the two mortgages was never obtained. Later, O'Harra and Tillman entered into a purchase and sale agreement with Charles L. DeForest and wife by the terms of which certain of the lands were to be conveyed and a dwelling constructed thereon and fully completed for a designated sum, this agreement also being subject to the aforesaid two mortgages. O'Harra executed a deed of conveyance to DeForest and wife subject to the two mortgages.
The two mortgages being in default, Jefferson Standard Life Insurance Company foreclosed and the property was sold at public sale to Pitt Cole Company, one of the appellees herein. A special master's deed *674 was delivered and the sale was confirmed by the Court.
The Tillmans and the DeForests refused to surrender and deliver to Pitt Cole Company the lands occupied by them. Pitt Cole Company applied to the Circuit Court of Volusia County for a writ of assistance directed to the property possessed by the Tillmans and the DeForests.
Appellants Tillman and DeForest filed answers, petition and objections to the issuance of the writ, alleging in substance (a) that Pitt Cole Company is the alter ego of S.P. Cole and application for the writ by it is for the sole use and benefit of S.P. Cole; and (b) that S.P. Cole had assured them from time to time that if they fulfilled the terms of their purchase and sale agreements the lands possessed by them would be released from the Jefferson Standard Life Insurance Company; and (c) that Cole had assured them that the lands had been released from said mortgages; and (d) that S.P. Cole had purchased said lands at the foreclosure sale under a parol agreement with the Tillmans and DeForests that he would purchase the lands for them and give them a deed to it, and as a result of such agreement they had refrained from outbidding him at the foreclosure sale; and (e) that Cole later repudiated his promises and agreements with the appellants Tillman and DeForest.
A detail analysis of the testimony of the various witnesses as produced in behalf of all parties in the cause would not be of any particular value in this opinion because the evidence considered as a whole fails to meet the legal requirements which demand an extraordinary degree or certainty of proof to establish a trust by parol evidence.
By their pleadings the appellants Tillman and DeForest are seeking to hold the appellee Cole, who was the purchaser at a foreclosure sale, a "trustee in invitum" and to impress on the property in question a "trust ex maleficio". Equity will raise a constructive trust where one through fraud, abuse of confidence or other questionable means acquires property which in equity and good conscience he should not be permitted to hold. Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173. Also Citizens' State Bank v. Jones, 100 Fla. 1492, 131 So. 369; Forrester v. Watts, 73 Fla. 514, 74 So. 519; Doing v. Riley, 5 Cir., 176 F.2d 449, and others.
However, the burden of creating such a trust relation by parol cannot be sustained by a mere preponderance of the evidence but must be established by evidence so full, clear, convincing and unequivocal as to remove every reasonable doubt of its existence. Pringle v. Pringle, Fla., 57 So.2d 429.
The testimony as related by the different witnesses is replete with conflicts on material factual matters and their conflicts are of such nature as would give rise to doubt in the mind of the Chancellor.
This Court has repeatedly announced the rule that a constructive trust may be proven by parol testimony, but that the evidence to establish such a trust must be so clear, strong, and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust. See Lightfoot v. Rogers, Fla., 54 So.2d 237; Lofton v. Sterrett, 23 Fla. 565, 2 So. 837; Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173, and cases therein cited.
We have thoroughly reviewed the entire record herein, which is rather voluminous, and judging this case in the light of the foregoing rule we do not find that the Chancellor erred in entering the orders appealed from directing the issuance of writs of assistance against appellants.
Accordingly, the decree appealed from should be and the same hereby are affirmed.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.