104 So.2d 124 (1958)
Margaret G. BINZ, an unmarried woman, and Janet Binz Chmelik, joined by her husband, Rudolph T. Chmelik, Appellants,
v.
HELVETIA FLORIDA ENTERPRISES, Inc., a Florida corporation, Appellee.
No. 58-39.
District Court of Appeal of Florida. Third District.
June 30, 1958.
Rehearing Denied July 29, 1958.
*125 Henry K. Gibson, Miami, for appellants.
Broad & Cassel, Miami Beach, for appellee.
PER CURIAM.
By a second amended bill, the appellant, Margaret G. Binz, joined by her daughter and her daughter's husband as plaintiffs, sought to establish ownership of the residence in which she and her daughter lived, as against the appellee corporation holding legal title, and to enjoin a pending landlord and tenant action by which the corporation sought to obtain possession. The parties will be referred to as they appeared in the trial court.
The defendant corporation filed a motion to dismiss the second amended complaint, reading as follows:
"Defendant hereby moves to dismiss second amended complaint for failure to set forth a claim against it."
The trial court granted the motion to dismiss and entered judgment for defendant. Plaintiffs have appealed from that final order.
The material allegations of the second amended bill may be summarized as follows: that plaintiff Margaret Binz and one Max E. Binz were married in 1919; that despite a separation, a close relationship was re-established between them in 1945, and continued until his death; that he supported her at all times; that in 1953 Binz purchased certain residence property in Miami as a gift to plaintiff Margaret Binz, and that he caused the seller to convey the title to the defendant corporation; that the corporation did not take possession, and held the naked title with knowledge of the intention of Mr. Binz that it should be a gift to Mrs. Binz; that Mr. Binz died two years later; that during *126 that two year interval plaintiff Margaret Binz was given and retained possession which she held with the knowledge and consent of the corporation; that the corporation had not paid for the property, and understood that it held the title in trust for the plaintiff Margaret Binz; that she made valuable and permanent improvements to the residence property "upon the faith of said gift and with the knowledge and approval of both Max E. Binz and defendant, its officers and agents"; that the corporation sent her $75 a month for her support, from February 1953 (shortly after the residence was acquired) until April 15, 1956 (approximately a year after the death of Binz); that Binz had held affection for their daughter, the plaintiff Janet Binz Chmelik, and had expressed his desire that the daughter reside with Mrs. Binz in the residence thus provided; that after Binz died, one claiming to be the executor of his estate demanded that Mrs. Binz vacate the property, and later the corporation filed the action for possession. There were other allegations, including an added allegation relating to intent for the gift of the property to Mrs. Binz, and to the effect that Mr. Binz and the officers of the corporation induced Mrs. Binz to make the valuable and permanent improvements to the premises.
In testing the sufficiency of the second amended complaint, on the hearing on defendant's motion to dismiss, the court was required to assign truth to the facts alleged there, and determine whether they made an actionable case under applicable principles of law. Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482, 484.
A parol gift of land has been held to be enforceable in spite of the statute of frauds, when the donee can furnish conclusive proof (1) of the gift; (2) of possession taken in reliance on the gift; and (3) that the donee made permanent and valuable improvements on the faith of the gift with the donor's acquiescence. Green v. Price, Fla. 1953, 63 So.2d 337. See also 24 Am.Jur., Gifts § 68, p. 764. Additionally, in dealing with this question in the case of Chamberlain v. Chamberlain, 115 Fla. 21, 155 So. 136, 137, the Supreme Court said:
"It cannot be gainsaid that, as a general rule, to establish a parol gift to real estate against the statute of frauds, the donee must prove the gift, that he took possession of the lands in reliance on it, and that on faith of the gift he had made valuable improvements thereon, with the acquiescence of the donor. * * *."
Plaintiff Margaret Binz assumed the additional burden of establishing that the corporation held her gift property as trustee for her. The allegations that the parties intended to create a trust relationship through the purchase of the property by Mr. Binz as an intended gift for Mrs. Binz and its conveyance without consideration to the corporation as a part of that undertaking appear sufficient to bring it within the rule for the existence of a resulting trust. Also, in the circumstances under which the property was acquired and was held by the corporation, as alleged in the second amended complaint, it would appear that equity could hold that a constructive trust existed, to prevent unjust enrichment and abuse of confidence. See Wadlington v. Edwards, Fla. 1957, 92 So.2d 629, at page 631, where the Supreme Court said:
"As distinguished from an express trust, there are two types of so-called implied trusts. One is known as a `resulting trust'. The other is known as a `constructive trust'. Although some confusion exists as to the distinction between the two, it appears to us that our own decisions make the differences clear and dispose of the confusing elements. A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances. A constructive *127 trust is a remedy which equity applies in order to do justice. In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent. The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named grantee for the benefit of the unnamed beneficiary. Sorrels v. McNally, 89 Fla. 457, 105 So. 106; Smith v. Smith, 143 Fla. 159, 196 So. 409; Grable v. Nunez, Fla. 1953, 64 So.2d 154.
"By contrast, a constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is `constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem. Doing v. Riley, 5 Cir., 176 F.2d 449; Seestedt v. Southern Laundry, 149 Fla. 402, 5 So.2d 859; Tillman v. Pitt Cole Co., Fla. 1955, 82 So.2d 672; Restatement of the Law of Trusts, Section 44(1)."
The defendant corporation argued here that plaintiffs were estopped to deny its title, because of certain affirmative defenses. Those matters were not shown on the face of the complaint, and could not properly be raised on a motion to dismiss. Hough v. Menses, Fla. 1957, 95 So.2d 410; Fla.R.C.P., rules 1.8(d) and 1.11(b), 30 F.S.A.
This court holds, contrary to the view of the chancellor, that the second amended complaint was sufficient to withstand the motion to dismiss, and set forth facts upon which relief could be granted. The order appealed from is reversed and the cause is remanded for further proceedings.
CARROLL, CHAS., C.J., and HORTON, J., concur.
PEARSON, J., dissents.