SHANNON, Judge.
This is an appeal from a final judgment on the motion of the appellee-defendant to dismiss appellant-plaintiff’s amended complaint.
The plaintiff’s original complaint alleged the following factual situation. The plaintiff and defendant had entered into a contract whereby the plaintiff was to render personal services to the defendant at the Mt. Plymouth Hotel and Country Club in Sorrento, Florida. Under the terms of the contract the plaintiff was to receive $600 per month for the period commencing November 1, 1957 and ending October 31, 1958. In addition to salary the defendant agreed to furnish plaintiff with a house in which he and his family were to reside; to pay various transportation and living expenses to the plaintiff for himself and family; to issue to the plaintiff six per cent of the common stock of the defendant corporation; and to furnish board to plaintiff *809 and his family. The plaintiff also alleges that he had faithfully performed all of the duties required of him by defendant, but that he was discharged by the defendant during the month of April 1958, and as a consequence he had been placed under certain expenses which he delineated. The defendant had paid plaintiff his salary through April 1958, but by reason of the discharge had not paid the balance thereof.
Upon motion of the defendant, this complaint was dismissed with leave to amend. The plaintiff then added the fact that the contract was oral and resubmitted the complaint. The defendant moved to dismiss the amended complaint, and the court granted the motion with prejudice, saying:
“The first complaint was dismissed, and the filing of the same complaint as above mentioned as an amendment, is purely trifling with the Court; wherefore it is
“Ordered and adjudged that this cause be dismissed finally, and that the plaintiff take nothing by his suit, and that the defendant go hence without day.”
Thereupon the plaintiff claimed that he had misunderstood the implication of the court as to the first motion to dismiss and sought to submit another amended complaint with additional allegations of clarification. His efforts were unsuccessful, and he brings this appeal from the final dismissal.
We find error in the final disposition of this cause by the lower court. Although the final judgment does not state on what ground or for what reason the plaintiff’s amended complaint was dismissed, in so dismissing the amended complaint the trial court was under the duty to accept as true the ultimate facts alleged by the plaintiff. Binz v. Helvetia Florida Enterprises, Fla.App.1958, 104 So.2d 124; Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482.
Assuming that the allegations of the amended complaint are true, the ultimate facts show that the plaintiff had a contract with the defendant, that the defendant breached that contract by discharging him without fault, and that the plaintiff was damaged. The amended complaint in its allegation of ultimate facts makes out a sufficient case against the defendant’s motion to dismiss. See rule 1.8 (b), Florida Rules of Civil Procedure, 30 F.S.A.
We hold that the trial court was in error in sustaining the motion to the plaintiff’s amended complaint.
Reversed.
ALLEN, C. J., and KANNER, J., concur.