PEARSON, Judge
(concurring in part, dissenting in part).
The majority opinion reverses the order dismissing appellant’s second amended complaint with prejudice and remands the cause with directions to allow further amendment. It is inherent in this decision that the second amended complaint does not, as it stands, state a cause of action for “reformation, rescission, cancellation, injunction, general relief and complete equity between the parties.”
,■ The decision to remand for further amendment is based upon the fact that in argument the plaintiff-appellant stated that he is not seeking to validate the pre-divorce will or void the post divorce will, but instead seeks to impress a constructive trust on the property or proceeds obtained under the last will. While I agree that the complaint does not state a cause of action, I cannot agree that the complaint contains allegations which are sufficient to form a basis for the imposition of a constructive trust.
The order which is appealed is as follows :
“ORDERED, ADJUDGED AND DECREED that said Motions to Dismiss the Second Amended Complaint filed herein on behalf of the defendants, CHARLES W. BATTISTI, EXECUTOR OF THE Estate of MONICA M. STAPLES, deceased; CHARLES W. BATTISTI; ANNELIE C. BATTISTI; FRANK JOHNSON; MARION JOHNSON; JOSEPH COOKE, individually, and as sole beneficiary and Executor of the Estate of FLORENCE COOKE, deceased, and ALFRED J. ABBEY, respectively, be, and the same are hereby granted on the following grounds:
T. Plaintiff’s Second Amended Complaint is in violation of Section 731.101 Florida Statutes [F.S.A.].
‘2. By estoppel, for the reason that the plaintiff seeks to have the Final Decree of Divorce set aside even though he has accepted certain benefits from the decree and wherein he admits to an allegation of fraud that was perpetrated upon this Court to which he was a party.’
That the plaintiff shall take nothing by his Complaint, and said defendants may go hence without day.”
One point on appeal is presented: “Does the second amended complaint state a cause of action?” I would hold that the complaint does not state a cause of action for the imposition of a constructive trust upon the property or proceeds obtained under the last will. Viewed in its best possible light the complaint alleges only malpractice by an attorney. A remand to permit transfer to the law side for trial of these charges appears to be the only possible relief to which appellant might be entitled.
The attorney is not a beneficiary of the estate. There are no allegations of wrongdoing against any of the other appellees, and there is no allegation that the deceased wife was guilty of any fraud.
Thus the only question is — does the alleged breach of a confidential relationship between appellant and this attorney form *587 a basis for imposing a constructive trust upon property which has passed under the will that was admitted to probate? I think not. See Wadlington v. Edwards, Fla.1957, 92 So.2d 629; Williams v. Grogan, Fla.1958, 100 So.2d 407; Binz v. Helvetia Florida Enterprises, Inc., Fla.App. 1958, 104 So.2d 124; Lowell, Fla.Law of Trusts, §§ 44-47 (1965).