349 So.2d 813 (1977)
Myrtle LOCKE, Appellant,
v.
Boncyle PYLE, Appellee.
No. DD-117.
District Court of Appeal of Florida, First District.
September 13, 1977.
Ferrin C. Campbell, Sr., Crestview, for appellant.
J. LaDon Dewrell of Dewrell & Kessler, Fort Walton Beach, C. Thomas Holland, Crestview, for appellee.
McCORD, Chief Judge.
This is an appeal from final judgment after jury verdict in a suit brought by appellee Boncyle Pyle, a daughter of Joseph E. Campbell, against his estate in which suit appellant Myrtle Locke, an heir of the deceased was permitted to intervene as a party defendant without limitation or restriction. The original complaint, among other things, alleged that prior to decedent's death, he and appellee had entered into a partnership agreement for conducting an on-going business consisting of a farming operation on real estate listed as an asset of decedent's estate; that the parties to the partnership agreed that, as compensation for the labor of appellee for the *814 benefit of the partnership, she would be entitled to ownership of 40 acres of property on which the decedent resided and on which his home was located. Appellant filed an answer with an affirmative defense contending that an agreement, if any, between appellee and the deceased to give plaintiff ownership of 40 acres of property on which the decedent resided and on which the decedent's home was located violates the Statute of Frauds and is therefore unenforceable. Appellant also filed a motion for partial summary judgment making the same contention as that contained in the affirmative defense. The court denied the motion by treating it as a motion to dismiss and allowing appellee to amend her complaint. Appellee then filed an amended complaint, the primary claim of which was contained in Count III as follows:
"That the Decedent in 1965 did transfer the forty (40) acres of real property upon which Plaintiff resides to the Plaintiff by deed; said deed was subsequently misplaced or destroyed; or in the alternative, Decedent did make an inter vivos gift of said forty acres of real property to the Plaintiff, conditioned upon the Plaintiff's taking possession of said forty acres, which said Plaintiff did in that she made said forty acres her homeplace; and further conditioned upon the Plaintiff's looking after, maintaining and careing (sic) for said Decedent, which said Plaintiff did; and further Plaintiff did improve said property in reliance upon the inter vivos gift of same to her.
WHEREFORE, Plaintiff demands judgment establishing her ownership of said real property." (emphasis supplied.)
The effect of this amendment was to abandon the claim to 40 acres of property on which the decedent's home was located and claim 40 acres located across the road from decedent's home on which appellee and her family were living in a mobile home. Appellant filed an answer with an affirmative defense contending that appellee's claim to 40 acres on which she may have had her trailer home violates the Statute of Frauds and the Statute of Wills and is therefore unenforceable. Appellant also filed a motion for partial judgment on the pleadings and the trial court, in its pretrial order, ruled as follows as to Count III:
"Defendants' motions for Partial Summary Judgment against Plaintiff as to Count III are denied and Plaintiff is allowed to amend her Statement of Claim to claim the forty (40) acres of land on which is located her trailer instead of the forty (40) acres on which decedent resided as originally claimed in her Statement of Claim."
Following jury trial, the court entered final judgment as follows as to Count III:
"Pursuant to the verdict rendered in this action:
IT IS ADJUDGED that the Plaintiff, BONCYLE PYLE, recover from the Defendant, ESTATE OF JOSEPH E. CAMPBELL, the following described real property, located in Okaloosa County, Florida:
Southeast 1/4 of the Northwest 1/4 of Section 30, Township 5 North, Range 22 West, Okaloosa County, Florida.
which said property and the title thereof is by this instrument vested in Plaintiff, BONCYLE PYLE.
The personal representative of the ESTATE of JOSEPH E. CAMPBELL is hereby directed to execute an Administrator's Deed conveying from the ESTATE OF JOSEPH E. CAMPBELL to BONCYLE PYLE the aforesaid described property, all for which let execution issue."
Appellant contends, among other things, that the trial court erred in not granting her motion for directed verdict and the motion of the personal representative for directed verdict made at the close of the evidence. We agree and reverse.
To sustain her claim to the 40 acres in question by reason of a lost or destroyed deed, it was encumbent upon appellee to prove the contents or the substance of the contents of the operative parts of the deed clearly. As stated by the Supreme Court in Fries v. Griffin, 35 Fla. 212, 17 So. 66 (1895), "a due regard to *815 individual rights, as well as sound public policy, requires that in cases for the establishment of lost instruments, the proof as to the contents, or the substance of the contents, of the operative parts of such instruments, should be clear and satisfactory." On the same point, the Supreme Court in Edwards v. Rives, 35 Fla. 89, 17 So. 416 (1895) said:
"In Taylor v. Riggs, 1 Pet. 591, Chief Justice Marshall stated `that the proof of the contents of a lost paper ought to be clear and satisfactory as to the substantial parts of the paper' and we concur in this statement of the law on the subject."
The proof presented by appellee in support of the re-establishment of the alleged lost deed is far from clear and satisfactory as to its contents or the substance of the contents of its operative parts. There is no evidence to show that the purported deed contained a specific description of the property in controversy, and none to show that it was properly executed by the deceased or was properly witnessed. The substance of the testimony presented by appellee was simply that there was a deed to the 40 acres upon which the trailer is now located and that she at one time had it in her possession but left it with her father when she moved from South Florida to Atlanta, Georgia. The evidence was insufficient to support a verdict in her favor on restoration of the alleged lost or destroyed deed.
We turn now to appellee's alternative claim that the decedent made an inter vivos gift to her of the 40 acres on which she placed her trailer. From the evidence, it appears that in June 1966 she and her family moved from South Florida to Atlanta, Georgia, where they lived in a furnished apartment. In 1968 she and her family moved from Atlanta to the disputed 40 acres where they now live in a house trailer. With this move, she and her father were going into the cattle business together on a partnership arrangement raising cattle on the 40 acres. She contends as aforesaid that her father gave her a deed to this 40 acres and prior to moving their mobile home onto the property, they removed an old house which was there; that in order to make the place livable, they installed a septic tank and fixed the pump. Also, they had to make improvements on the fence. Her claim to this 40 acres is, of course, inconsistent with the claim of her original complaint to 40 acres across the road where her father lived in the homeplace. There is considerable conflict in the total evidence as to whether or not decedent gave or intended to give appellant either of the 40 acre parcels. We consider here, however, the evidence most favorable to appellee on the question of whether or not there was an inter vivos gift of the 40 acres on which her house trailer is located. Since there was no deed, the alleged gift can only be considered as a possible parol inter vivos gift.
A court of equity will not enforce a parol gift of land in the face of the Statute of Frauds [§ 725.01, Florida Statutes (1975)] without conclusive proof of words showing an intent to give the land, that possession was taken in reliance upon the gift, and that the donee made permanent and valuable improvements in anticipation of the gift with the donor's acquiescence. Green v. Price, 63 So.2d 337 (Fla. 1953). Also, evidence necessary to justify a court of equity in upholding an oral gift of land must be clear and convincing and referable exclusively to the gift. Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888 (1944). In Purvis v. Malloy, 129 Fla. 191, 176 So. 71 (1937), the Supreme Court approved the law as stated by the Supreme Court of Pennsylvania in Erie & W. Va. Ry. Co. v. Knowles, 117 Pa. 17, 11 A. 250, which it quoted as follows:
"To establish a parol gift or sale of land between parent and child, the evidence must be direct, positive, express, and unambiguous; the terms of the sale or gift must be clearly defined, and all the acts necessary to its validity must have special reference to it, and to nothing else.
"To take such a contract out of the statute of frauds, the evidence as to the terms of the contract, its performance, and the change of possession must be, not only credible, but of such weight and *816 directness as to make out the facts alleged beyond a doubt.
"The declarations and admissions of the grantor are admissible in evidence to prove such a sale or gift, but should have but little weight attached to them as against any act of such grantor inconsistent therewith."
Appellee contends that pursuant to the purported inter vivos gift, she took possession of the property and made permanent improvements on it. She stated that the gift was conditioned upon her maintaining and caring for the decedent, which she did. As to the requirement that one seeking to enforce an inter vivos gift of real property in the face of the Statute of Frauds must take possession thereof, the evidence reflects that appellee, her husband and children moved their mobile home onto the property, but there is nothing to indicate that she took possession of the entire 40 acre tract. The testimony of appellee's husband was to the effect that the deceased could farm the property the way that he had been doing until he died. Appellee testified that in 1968 and 1969, soy beans were planted in the fields and her father let the pastures lay out. Appellee's son testified that the deceased rented the cultivatable land to other farmers  approximately 32 acres out of the 40 acres upon which appellee's mobile home was located. Also, their moving on the property is not inconsistent with their doing so in order to carry on the partnership cattle business.
As to improvements made by appellee, in order to remove a parol contract from the Statute of Frauds, improvements must be both valuable and permanent. Green v. Price, supra. The only improvements relating to the entire 40 acre tract were some improvements made by appellee on the fence. This improvement was necessary in order to raise cattle on the land pursuant to appellee's and decedent's cattle-raising partnership. There was no specific testimony regarding the cost of any improvements. The mobile home placed on the property could have been removed at any time. A septic tank was installed and repairs were made on the pump, both of which were necessary in order for appellee and her family to live on the property. These improvements were minimal and of a nonpermanent nature. As to appellee taking care of the decedent, the testimony does reflect that she helped him clean up his house; that she washed his and her family's clothes in a washing machine at his house and she usually cooked two meals a day for him.
The evidence presented does not meet the strict legal requirements necessary to remove this alleged inter vivos gift from the Statute of Frauds.
A suit to re-establish a lost or destroyed instrument and a suit to establish and enforce an inter vivos gift of real property are suits formerly cognizable in equity and therefore are not normally tried by jury. This cause, however, was submitted to a jury and no point has been raised here regarding such procedure. In the trial below, appellant requested, but the trial court refused, certain jury instructions as to appellee's burden of proof to establish a parol inter vivos gift. Appellant contends that the failure to give such instructions was error. In view of our ruling that the proof was insufficient, it is unnecessary to rule specifically upon each of these requested instructions. We find, however, that the instructions which were given were not adequate to apprise the jury of the necessary elements of proof in this suit alleging a lost deed or in the alternative an inter vivos gift. We have considered the other questions raised by appellant and find them to be without merit.
Affirmed in part and reversed in part and remanded with directions to vacate the final judgment for appellee on Count III of the amended complaint and enter judgment for appellant thereon.
RAWLS and SMITH, JJ., concur.