436 So.2d 442 (1983)
AMERICAN SAVINGS AND LOAN ASSOCIATION OF FLORIDA, Appellant,
v.
ATLANTIC INVESTMENT CORP., a Florida Corporation, n/k/a Reed-Atlantic Investment Corporation, Appellee.
No. 83-38.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
*443 Lewis Horwitz of Broad & Cassel, Bay Harbor Islands, for appellant.
Charles S. Dale, Jr., of Dale & Stevens, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant, American Savings and Loan Association of Florida (American), seeks reversal of a judgment reestablishing a lost or destroyed lease agreement.
The undisputed facts reflect that in 1958 Land and General Finance Corporation (Land) leased certain realty to Atlantic Investment Corporation (Atlantic) for a ninety-nine year term. The leased parcel was adjacent to a parcel owned and used by Land. In 1964 Coral Ridge Properties, Inc. (Coral Ridge), successor in interest to Land, proposed an agreement with Atlantic styled "Agreement for Erection and Maintenance of Signs and for Parking and Drainage Improvements" which would allow Coral Ridge to erect and maintain a large sign on Atlantic's leasehold for the remainder of the lease. The purpose of the sign was to advertise the Galt Plaza Promenade being operated on Coral Ridge's parcel. In 1972 American succeeded to the interests of Coral Ridge, whereupon American replaced the top half of the sign reading "Galt Shopping" with a new sign which read "American Savings." In 1979 Atlantic notified American to remove the sign and this litigation ensued.
Essentially, the case resolved itself into a suit to reestablish a lost document. Atlantic contended that it had entered into the aforementioned agreement with American's predecessor allowing the latter to erect and maintain the sign and reserving the right to require the sign to be removed on 30 days written notice. However, the agreement could not be found.
The president of Atlantic, Reed, testified that he took a proposed agreement to Atlantic's lawyer, who recommended adding a thirty day written notice termination provision. Reed agreed and his attorney, Dale, interlined the modification. Reed then took the agreement, signed it and forwarded it to Coral Ridge. Dale corroborated Reed's testimony relating to the modification by interlineation. Shortly thereafter, Coral Ridge erected and maintained the sign. Reed testified that he assumed that Coral Ridge had signed the modified agreement and retained custody of it, as specifically provided therein.[1] Neither the chairman of the Board of Coral Ridge nor its attorney could remember the agreement, and they were unable to find any such agreement among the corporation files. However, there was evidence that Coral Ridge had lost a large number of its files.
The cases are uniform in holding that proof of the operative parts of a lost or destroyed document must be clear, strong and unequivocal. Weinsier v. Soffer, 358 So.2d 61 (Fla. 3d DCA 1978), cert. denied, 365 So.2d 714 (Fla. 1978); Locke v. Pyle, 349 So.2d 813 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 187 (Fla. 1978). But that is not to say that the proof may not be in part circumstantial. In this case, Atlantic produced an original proposed agreement prepared by Coral Ridge. Reed found that agreement among his files. Both Reed and Dale testified that this agreement as modified by the thirty day termination modification was forwarded to Coral Ridge. We hold this evidence was sufficient to meet the burden to prove the contents of the agreement which appellee sought to reestablish.
The execution of the agreement by Coral Ridge is another story. While there is no direct evidence that Coral Ridge executed the agreement, the circumstances appear sufficient to support the trial court's finding that Coral Ridge did sign it. Coral Ridge proposed and prepared an agreement; it erected the sign shortly after Reed executed and forwarded the modified agreement to Coral Ridge; and it maintained *444 the sign for fifteen years. Circumstantial evidence may be used to prove both the content and execution of a lost deed or other instrument. Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571 (1950); Arreguin v. Cantu, 609 S.W.2d 639 (Tex.Civ.App. 1980); Crosby v. Davis, 421 S.W.2d 138 (Tex.Civ.App. 1967). As the court said in Crosby:
Proof of a lost deed may be made by circumstantial or presumptive evidence. Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571; Smith v. Taylor (Tex.Civ. App.), 197 S.W.2d 851 (n.r.e.); Price v. Humble Oil & Refining Company (Tex. Civ.App.), 152 S.W.2d 804. The authorities draw no distinction between proof of a deed by circumstantial evidence and proof of circumstances from which the execution of an ancient instrument may be presumed. Price v. Humble Oil & Refining Company, supra, citing cases. Proof of circumstances of a long asserted and open claim, either by possession or other acts of dominion and control adverse to that of apparent ownership, together with the latter's non-claim and acquiescence, is usually held to be sufficient to show a transmutation of title, whether there is evidence of the existence of a lost deed or not. Hutchison v. Massie (Tex.Civ.App.), 226 S.W. 695; Magee v. Paul, 110 Tex. 470, 221 S.W. 254; Masterson v. Harris County Houston Ship Channel Nav. Dist. (Tex.Com.App.), 15 S.W.2d 1011, 67 A.L.R. 1324; Smith v. Taylor (Tex.Civ.App.), 197 S.W.2d 851; Price v. Humble Oil & Refining Company, supra.
Crosby, supra, at 142. In Fries v. Griffin, 35 Fla. 212, 17 So. 66, 68 (1895), the Supreme Court of Florida stated:
When a deed to real estate has been lost, and the contents thereof have been established, Christy v. Burch [25 Fla. 942, 2 So. 258] holds that a liberal presumption will be indulged in favor of the due execution of the deed... .
The conduct of the parties described above, taken together with the testimonial and documentary evidence adduced at trial, appears sufficient to support the judgment reestablishing the agreement. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
LETTS and DELL, JJ., concur.
NOTES
[1] The agreement also provided that it was not to be recorded.