PER CURIAM.
 

 We reverse a final judgment quieting title and reestablishing a lost warranty deed because appellees’ evidence was insufficient to establish the contents of the lost deed. “[Pjroof of the operative parts of a lost or destroyed document must be clear, strong and unequivocal.”
 
 Am. Sav. & Loan Ass’n v. Atl. Inv. Corp.,
 
 436 So.2d 442, 443 (Fla. 4th DCA 1983);
 
 see Fries v. Griffin,
 
 35 Fla. 212, 17 So. 66, 68 (1895);
 
 Locke v. Pyle,
 
 349 So.2d 813, 815 (Fla. 1st DCA 1977) (holding that evidence that woman once possessed a deed for property and left it with her father was insufficient to support reestablishing deed in her favor). Appellees offered conflicting testimony as to who owned a house prior to their taking occupancy; one of the appellees admitted total ignorance concerning real estate terminology and had no idea what agreements his mother may have entered into.
 

 Additionally, based upon appellees’ argument, the trial court relied upon a subsection of a statute that had been repealed. Before 1985, section 695.01, Florida Stat
 
 *897
 
 utes, included subsection (3), which expressly provided that the statute did not apply to “quitclaims heretofore made.” In 1985, that subsection was repealed.
 
 See
 
 Ch. 85-63, § 8, Laws of Fla. Applying section 695.01 to this case, there was insufficient evidence to establish that appellant had “notice” of the prior, unrecorded, lost deed within the meaning of the statute.
 

 We reverse the final judgment quieting title and reestablishing a lost deed and remand to the circuit court with instructions to enter judgment for appellant.
 

 GROSS, C.J., STEVENSON and CIKLIN, JJ., concur.