No. 14-1328 – *Estate of Luigi Bossio a/k/a Louis Bossio v. Bernard V. Bossio*

No. 14-1329 – *Sam Bossio v. Bernard V. Bossio*

**FILED**

**May 9, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Justice, dissenting:

I disagree with the majority's conclusion that the respondent, Bernard Bossio, proved the terms of the missing 1990 stock purchase agreement through the production of secondary evidence. Accordingly, I would have reversed the circuit court's orders.

The majority relies on a handful of cases from different jurisdictions which I believe are distinguishable or inapplicable with regard to establishing the terms of the 1990 agreement. First, the majority argues that the testimony of the respondent constitutes secondary evidence that may establish the terms of the 1990 agreement, quoting *Dart Industries, Inc. v. Commercial Union Insurance Co.* as follows: "'It is not necessary, in order to admit evidence of the contents of a lost instrument, that the witnesses should be able to testify with verbal accuracy to its contents; it is sufficient if they are able to state it in substance.'" 52 P.3d 79, 86 (Cal. 2002) (quoting *Kenniff v. Caulfield*, 73 P. 803 (Cal. 1903)). The case quoted in *Dart Industries, Inc.*—*Kenniff v. Caulfield*—does not support the proposition that the respondent's testimony alone can establish the contents of the lost document. In *Kenniff*,

> the only evidence of the contents of a lost and unrecorded
> deed to a parcel of real property was the testimony of the
> conveyancer who drafted it: he identified the blank form he

1

> had used, and said he had copied into it a description of the property taken from a prior deed of the property to the grantor and he was sure the deed was to the lot in issue.

*Dart Indus., Inc.*, 52 P.3d at 86. The conveyancer's testimony was deemed sufficient to establish the terms of the lost document. *Id.* Critically, the testimony the *Kenniff* court relied upon to establish the terms of the lost document was given by the conveyancer, not the party seeking the benefit of the document. In the present matter, the only testimony provided as to the terms of the 1990 agreement was the uncorroborated testimony of the respondent who is seeking the benefit of 1990 agreement.

Second, the majority cites *American Savings and Loan Ass'n of Florida v. Atlantic Investment Corp.*, 436 So. 2d 442 (Fla. Dist. Ct. App. 1983), for the proposition that the original proposed version of a lost agreement is sufficient circumstantial evidence of its contents. While this case may be applied to find that the respondent presented enough evidence to establish the contents of the 1982 stock purchase agreement, it is inapplicable to the analysis of the 1990 agreement because no draft of the 1990 agreement was ever produced. Thus, *American Savings and Loan Ass'n of Florida* does not provide a basis for establishing the contents of the 1990 agreement.

Third, the majority cites *Jurek v. Couch-Jurek*, 296 S.W.3d 864 (Tex. App. 2009), for the proposition that production of a comparable agreement drafted by the same attorney for a related party has been found sufficiently corroborative. The majority

2

contends that the respondent produced this type of evidence with regard to the 1990 agreement.

In *Jurek*, the wife in a divorce action sought to establish the contents of her lost premarital agreement. The wife's agreement was prepared in 1990, and she produced a copy of the premarital agreement prepared for her sister in 1991. 296 S.W.3d at 868. The same attorney prepared both agreements. *Id.* The attorney testified that the contents of the sister's agreement were identical to the contents of the lost agreement "except for 'the parties, the date, and the exhibits attached thereto.'" *Id.* The *Jurek* court concluded that the sister's agreement could be used to establish the contents of the wife's agreement. *Id.* at 871.

The present case is distinguishable from *Jurek*. In this case, the respondent produced a partially executed stock purchase agreement from an unrelated company, BHM Enterprises, which he maintained was drafted by attorney David Straface and was identical to the 1990 agreement allegedly drafted by Mr. Straface. However, Mr. Straface did not testify at trial that he drafted the BHM Enterprises agreement, nor did he testify that the BHM Enterprises agreement and the 1990 agreement were identical in all substantive respects. Therefore, *Jurek* does not support the use of the BHM Enterprises agreement to establish the contents of the 1990 agreement.

Fourth, the majority cites *Farmers Co-Op Ass'n v. Cooper*, No. 05-1042, 2006 WL 1231663 (Iowa Ct. App. Apr. 26, 2006), for the proposition that evidence of an unsigned document, where the parties acted in accordance with its terms, has been found to be sufficient corroborative evidence. Even if *Farmer's Co-Op Ass'n* were to stand for this proposition, it does not support the conclusion that the respondent has produced evidence of the terms of the 1990 agreement.

The cases discussed above do not support a determination that the respondent proved the terms of the 1990 agreement by clear and convincing evidence. The only evidence the respondent produced regarding the terms of that agreement consisted entirely of his own uncorroborated, self-serving testimony. This evidence is insufficient to prove the contents of the 1990 agreement. Because the majority concludes otherwise, I respectfully dissent.