990

## ANDERSON et al. v. WALKER et al.
### No. 5831.

Court of Civil Appeals of Texas. Texarkana.
Nov. 6, 1941.

Rehearing Denied Dec. 4, 1941.

Richard Nicolds and R. L. Whitehead, both of Longview, for appellants.

Wynne & Wynne, Angus G. Wynne, and Henry H. Harbour, all of Longview, for appellees.

JOHNSON, Chief Justice.

This is an action in trespass to try title, filed by Mrs. E. L. Walker, Mrs. Bessie Staerker, Otto Staerker, Mrs. Lena Falvey, Mrs. Alma Barksdale, and C. R. Starnes, against R. H. Anderson and wife, Mabel Anderson, A. D. Swan, and J. F. Hair, to recover title and possession of two small tracts of land in Gregg County. Plaintiffs specially pleaded the 3, 5, and 10 year statutes of limitation. Defendants' answer contains a general denial, a plea of not guilty, and a cross action in trespass to try title to the land. Trial of the case resulted in a verdict and judgment for plaintiffs. The defendants have appealed.

Appellees Mrs. E. L. Walker, Bessie Staerker, Lena Falvey and Alma Barksdale are the widow and children, respectively, of Dr. E. L. Walker, deceased. Appellants admit that the land in question was community property of Dr. and Mrs. Walker, but contend that appellants acquired title to the land from Dr. Walker by one or the other, or both, of the following means:

(1) That Dr. Walker during his lifetime conveyed the land in fee to the State of Texas for state highway repair purposes by a deed which has been lost and never recorded; that since the death of Dr. Walker the State of Texas, through its Governor acting upon the order of the State Highway Commission conveyed and quitclaimed the land to R. H. Anderson and Roy Laird, who in turn conveyed interests therein to the other appellants.

(2) That Dr. Walker during his lifetime made a parol sale of the land to R. H. Anderson and Roy Laird who in turn conveyed interests to the other appellants.

Appellants' said contentions were submitted in two special issues, in answer to each of which the jury found against appellants. It is contended that the findings of the jury are contrary to the uncontradicted testimony. Appellants claim that they established title to the land under their first contention (that of a lost deed alleged to have been executed by Dr. Walker to

the State of Texas) by undisputed testimony. None of the witnesses testified to the execution by Dr. Walker of the purported deed, except A. F. Sheppard. Before discussing his testimony, it will be noted that to establish title through and under an alleged lost deed, the claimant has the burden of showing (1) the former existence of such deed, (2) its loss, and (3) its contents. Hutchison v. Massie, Tex.Civ.App., 226 S. W. 695, and authorities therein cited; 28 T. J. 399, § 9. The testimony of appellants' witness A. F. Sheppard, in substance, shows that he was one of the County Commissioners of Gregg County during 1928 and 1929, when it is claimed that Dr. Walker executed the alleged lost deed conveying the land in controversy to the State of Texas; that during that period of time State Highway No. 31 where it crosses Sabine River in Gregg County was being repaired, and it was necessary to procure additional earth with which to raise the approach or road-bed level with the bridge; that witness purchased from Dr. and Mrs. E. L. Walker a *strip* of land on the "North side of the road"; that the strip was longer than it was wide; that he did not know how much land was so purchased, but thought it was more than an acre; that Dr. Walker signed a deed, but he did not know whether it was made to the county or to the state; that witness was not present when the deed was signed, but thought Dr. Walker signed it, before a notary public; that Dr. Walker delivered the deed to witness and it was delivered to the county clerk. Assuming without affirming that the testimony is sufficient to show execution and delivery by Dr. Walker of some character of deed, the testimony is entirely wanting in the following essentials: No search or inquiry is shown to have been made for the deed, nor any effort to show that it was lost, which is necessary, in order to admit parol testimony of its contents. 28 T.J. 298, § 7. The testimony fails to show that witness ever read the deed, or in any other manner became acquainted with its contents. He did not know the name of the grantee, if any, or what particular land, if any, was described in the deed. Not only does the testimony fail to show the loss and contents of the deed alleged to have been executed by Dr. Walker to the State of Texas, but the deed from the State of Texas to appellants contains a recital which in effect disputes and denies the execution of such a deed by Dr. Walker. Such recital reads as follows:

"Whereas, the State of Texas, in constructing the east approach to the Sabine River Bridge on Highway No. (State 31) U.S. 271, in Gregg County, secured certain *borrow rights* from Dr. E. L. Walker, now deceased, without written agreement; and,

"Whereas, Dr. E. L. Walker, about the year 1929, permitted the State to *borrow material* from the following described land, to-wit:" (Italics ours.)

It is a well-settled rule that the grantee claiming title under a deed is bound by the recitations therein legitimately appertaining to its subject-matter. Kimbro v. Hamilton, 28 Tex. 560; Waco Bridge Co. v. City of Waco, 85 Tex. 320, 20 S.W. 137; Greene v. White, Tex.Sup., 153 S.W.2d 575; 43 T. J. 647, § 383; 21 C.J. 1088, § 68.

■■ The second theory by which appellants claim to have acquired the title admittedly held by Dr. and Mrs. E. L. Walker is a parol sale by Dr. Walker to R. H. Anderson and Roy Laird. With respect to alleged parol sale, R. H. Anderson and Roy Laird testified, in substance, that in 1931, they sub-leased the land from one J. T. Castleberry, a tenant of Dr. Walker, for the purpose of building and operating a garage thereon; that they were to pay Castleberry as rent $5 for the first month and $15 per month thereafter; that they thereupon built a garage and a two-room house on the land, and thereafterwards paid Castleberry the rent for five months, when Dr. Walker informed them that Castleberry had no authority to sub-lease the land; that Dr. Walker then said he thought that he had sold the land to the state and would give Anderson and Laird a quit-claim deed to it; that he would look the matter up and see if he had sold it to the state; that they later went to see Dr. Walker about getting the deed from him and he refused to execute the deed. Anderson and Laird do not claim to have paid Walker any consideration for the land. The improvements were constructed under the lease from Castleberry, and prior to the time Walker stated that he would give Anderson and Laird a quit-claim deed to the land. The testimony fails to meet any of the three prerequisites (all of which are essential) to enforce parol sale of land: (1) Payment of a consideration by the purchaser; (2) surrender of the possession by vendor to vendee; and (3) the making of valuable improvements upon the land by vendee with consent of vendor; or without such improvements the presence of such facts as

would make the transaction a fraud upon the purchaser if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Leverett v. Leverett, Tex.Civ.App., 59 S.W.2d 252, writ refused.

We have examined each of appellants' propositions, but find no reversible error, and they are overruled.

The judgment of the trial court will be affirmed.