R. L. SKINNER ET AL V. C. L. NOLAND ET UX

No. A-5161. Decided July 27, 1955.
(281 S.W. 2d Series 332)

616

*VanZandt & Sanford* and *Robert R. Sanford,* of Sherman, for petitioners.

The Court of Civil Appeals erred in holding that the deed in question conveyed out of the M. B. Lamar survey in Grayson County, Texas, all of grantor's one-third interest in such property and in admitting extraneous evidence to identify the land. Broaddus v. Grout, 152 Texas 398, 258 S.W. 2d 308; Hoover v. Wukash, 152 Texas 111, 254 S.W. 2d 507; Greer v. Greer, 144 Texas 528, 191 S.W. 2d 848.

*Slagle, Rollins & Hughes* and *Joe G. Rollins,* all of Sherman, for respondents.

In response cited Curdy v. Stafford, 88 Texas 120, 30 S.W. 551; Peavy-Moore Lbr. Co., v. Duhig, 135 Texas 503, 144 S.W. 2d 878; Holden v. Dahlberg, 228 S.W. 2d 389.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

Skinner et al, petitioners, sued Noland et ux, respondents, in trespass to try title, alleging that they were owners in fee simple of 8/57 undivided interest in a tract described as "Beginning at the Southeast corner of Lot No. 16, a stake in channel of Big Mineral Bayous, the same being the Southwest corner of Lot No. 12; thence North 406 varas to a red oak marked X, being 154 varas South of the Northwest corner of Lot No. 12; thence West 345 varas to a rock and a blackjack marked X; thence South 412 varas to the bed of the aforesaid bayou; thence down the channel of said bayou to the place of beginning; containing 26-2/3 acres of land, more or less, and being the same land described in a deed from R. A. King to Chafin Skinner, dated March 29, 1878, and recorded in Vol. 40, page 328, of the Deed Records of Grayson County, Texas."

Noland claims title under a warranty deed which described the property conveyed as follows: "All that certain tract or parcel of land out of the M. B. Lamar Survey, Abstract No. 704, situated in the County of Grayson, State of Texas. It is the intention of this deed to convey my one-third interest in and to the above described property * * *."

After the testimony was in the parties agreed that there was no fact issue for the jury, whereupon the court withdrew the case from the jury and entered judgment for respondent. The Court of Civil Appeals affirmed. 277 S.W. 2d 812.

■ Petitioners contend that the above-described deed from Skinner to Noland does "not contain within itself an independently sufficient description of any land" and "contains no reference to any other existing writing for a further description." This contention recognizes the long-settled rule permitting resort to extraneous evidence to aid in description in an ambiguous deed so as to make it sufficient under Art. 1288, R.S. 1925, of our Statutes of Conveyances. See Matney v. Odom, 147 Texas 26, 210 S.W. 2d 980, and the many cases there cited.

Petitioners argue that there is no "key" in the deed here in question to which extraneous evidence may be directly tried to determine the interest of the grantor. In support they cite Carter & Bro. v. Ewers, 133 Texas 616, 131 S.W. 2d 86. In that case the language was "an undivided interest in and to be subdivision of 200 acres of a Survey in the name of Swiny situated in the County of Polk, State of Texas." We held that the language offered no key because it is nowhere indicated what undivided interest was meant and there were no words of ownership in the grantor.

■ The language here is different. It plainly says that the land is "out of the M. B. Lamar Survey, Abstract No. 704, situated in the County of Grayson, State of Texas." In the second sentence, supra, grantor says that he intends to convey his one-third interest in and to the above described property. Thus we are furnished a key in the language of the deed itself, susceptible of explanation by parol evidence, by which the property can be located on the ground. This coupled with the proof that the land in controversy was all the land he owned in Grayson County at the time of the deed, was a sufficient description. Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222.

■ It seems that the issue here was settled as long ago as 1895,

in Curdy et al v. Stafford et al, 88 Texas 120, 30 S.W. 551. In that case Chief Justice Gaines said that an instrument which purports to convey that part of a certain tract which is owned and claimed by the grantor is not void upon its face, for it may be shown by extrinsic evidence what particular part grantor so owned and claimed.

It follows that the judgments below are affirmed.

Opinion delivered July 27, 1955.