JOE JONES, JR., ET AL, Petitioners

v.

MID-STATE HOMES, INC., Respondent

No. A-8642.   Decided February 14, 1962
356 S.W. 2d 923

Robert G. Carter, Marlin, for petitioners.

*Tom Bartlett, Jr.,* Marlin, for respondent.

ASSOCIATE JUSTICE SMITH delivered the opinion of the Court.

This is a suit in trespass to try title. Mid-State Homes, Inc., was the plaintiff in the trial court, and Joe Jones, Jr., and Della Jones were the defendants. For convenience, the parties will hereinafter be designated as in the trial court.

The case was tried to the court without the aid of a jury. A take-nothing judgment was entered for the defendants. No findings of fact or conclusions of law were filed, and no request for such filing was made. The judgment of the trial court has been reversed and the cause remanded to the trial court for a new trial. 348 S.W. 2d 420.

We have concluded to reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court for the reasons now to be stated.

■ Where the parties stipulate common source, the burden rests upon the plaintiff to connect each party with the common source, and to establish a superior title from such source. See Bosse v. Cadwallader, 86 Texas 336, 24 S.W. 798; Tommie Davis, et ux v. Louis Gale, 160 Texas 309, 330 S.W. 2d 610. In this case the common source agreed upon was the defendants. The plaintiff introduced no deed or other valid conveyance from the defendants to itself. The plaintiff did offer in evidence the following instruments: a mechanic's and materialmen's lien and a deed of trust executed by Joe Jones, Jr., and Della Jones to the Jim Walter Corporation; an assignment of lien from Jim Walter Corporation to the Mid-State Investment Corporation; assignment from Mid-State Investment Corporation to the plaintiff; resignation of trustee and appointment of a substitute trustee; and a trustee's deed to plaintiff dated July 9, 1959. The same description is contained in each instrument, and is as follows:

"A certain lot in the Oltorf Addition of Marlin, Falls County, Texas, and being recorded in the City Hall at Marlin, Texas, and said lot being in Block No. 7 of said addition and being north of Roosevelt Street south of the City of Marlin, and being west of the Sally Dunbar property. Said property is about 52 by 150 feet in size."

■ The trial court sustained the defendants' objection to the

introduction of these instruments on the ground that each instrument was void for want of an adequate description, in that the description was so defective that the land could not be located on the ground.

The plaintiff then sought to identify the land by introducing in evidence field notes prepared by the County Surveyor on August 14, 1959. The petition upon which the plaintiff went to trial contains the field notes furnished by the County Surveyor. The Surveyor's field notes are the basis for the plaintiff's contention that the description contained in the tendered instruments sufficiently identified the land. We are not called upon to decide whether or not the Surveyor's field notes constitute a valid description of the land. It is sufficient to say that the description contained in the excluded instruments was so defective that it failed to furnish a nucleus of description sufficient to identify any particular property. The County Surveyor testified that the only way he could locate the land was by the use of a plat in the Tax Collector's Office. No reference to this plat is contained in any of the instruments upon which plaintiff relies to connect itself with the agreed common source. The Surveyor testified that there was more than one "Oltorf Addition", and that he could not tell from the description contained in the trustee's deed and other instruments "what Oltorf Addition to go to"; that according to that description [the description in the trustee's deed] the 52x150 foot lot could be located in any of "approximately six different locations in the block * * *", assuming that the block contained 300 square feet. The witness further testified:

"Q.   And from a description 52 feet by 150 feet in size, with no point or corner to tie to, that lot could be shifted anywhere in the block at will, could it not?

"A.   52 x 150—usually the first number is the width.

"Q.   I have a square here. But we could locate that lot anywhere in the block. We could put it where it was not touching any boundaries. You could locate a lot 52 x 150 anywhere. You could shift it into any number of positions, couldn't you?

"A.   Yes, sir, according to that description.

"Q.   And you couldn't go on the ground and definitely tie that floating 52 feet by 150 feet to any point in that block without some additional description as to where it was located, could you?

"A. Like I said, I located it according to the plat in the Tax Collector's office. And it showed it. That is the only way I located it.

"Q. But you could locate it from the description contained in these exhibits, could you?

"A. No, sir, I couldn't.

"Q. It couldn't be located at any particular point in that block, could it?

"A. Not from that description it couldn't.

"Q. That is all."

It was stipulated that the map of the addition on file in the City Hall did not show a lot 7.

■ The burden was upon the plaintiff to identify the land which it claimed, to establish its location, and to show the extent of its interest in the land claimed. The plaintiff must connect itself with the common source. See Tapp v. Corey, 64 Tex. 594; Tasher v. Foster Lbr. Co., Texas Civ. App., 205 S.W. 2d 665, no wr. hist.; Tommie Davis v. Gale, supra; Permian Oil Co. v. Smith, 129 Texas 413, 73 S.W. 2d 490; motion for rehearing denied 129 Texas 413, 446, 107 S.W. 2d 564; Simonds et al v. Stanolind Oil & Gas Co., 134 Texas 332, 114 S.W. 2d 226; Mills v. Pitts, 121 Texas 196, 48 S.W. 2d 941, 84 A.L.R. 319, and cases there cited.

The description contained in each of the instruments offered by the plaintiff is wholly defective and fails to furnish a nucleus of description sufficient to identify the land claimed. The plaintiff having failed to offer any evidence locating and identifying the land sued for and having failed to connect itself with the common source, it follows that plaintiff showed no right, title, or interest in the land involved in this suit.

The Court of Civil Appeals has held that the description "shown in each of the eight exhibits, together with the extrinsic evidence offered under this record, is sufficient for them to be admitted in evidence." We do not agree.

In the case of Smith v. Sorelle, 126 Texas 353, 87 S.W. 2d

703, this Court, in holding the description under consideration defective and insufficient to admit parol testimony, said:

"The rule is well settled that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. 14 Texas Jurisprudence, Sec. 251, pp. 1045, 1046. The descriptive words in an instrument should be given a liberal construction, in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient. 14 Texas Jurisprudence, Sec. 204, pp. 992, 993, and authorities cited."

The descriptive data contained in the instruments under consideration does not meet this test.

The plaintiff contends that the doctrine of estoppel applies in this case. The Court of Civil Appeals has held that "since appellees [the defendants] executed instruments and designated the place where the house was to be erected, and since appellees proceeded to occupy the house built by appellant, [plaintiff] they are estopped to claim that the description in the instruments is insufficient."

■ The doctrine of estoppel has no application here. There is no proof of the essential elements of estoppel. There is no proof that the plaintiff, or Jim Walter Corporation, the contractor, relied upon any representation of either of the defendants, Joe Jones or Della Jones, or that they acted upon any such representation. It is only where conduct or statements are calculated to mislead a party, and are acted upon by him in good faith to his prejudice, that the doctrine of estoppel can be invoked. See Hunter v. Malone, 49 Texas Civ. App. 116, 108 S.W. 709, 712, cited with approval in Great Plains Oil and Gas Company v. Foundation Oil Co., 137 Texas 324, 153 S.W. 2d 452, 458; Tucker v. Smith, 68 Texas 473, 482, 3 S.W. 671; Duval County Ranch Co. v. Foster, Texas Civ. App., 318 S.W. 2d 25, 31, wr. ref. n.r.e.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered February 14, 1962.