**Mrs. Susie COLE et al., Appellants,**

v.

**CITIZENS FIRST NATIONAL BANK et al.,**
**Appellees.**

**No. 7468.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 22, 1963.

Rehearing Denied Feb. 19, 1963.

Wm. Emerson Stone, Jr., Stone & Stone, John B. Spiers, Norman, Rounsaville & Hassell, Jacksonville, for appellants.

Donald Carroll, Ramey, Brelsford, Hull & Flock, Tyler, for appellees.

FANNING, Justice.

This was a suit in trespass to try title brought by plaintiffs to recover a ¼th mineral interest in a tract of land in Cherokee County, Texas. In a trial before the court without a jury a take nothing judgment was rendered against plaintiffs and intervenor. Plaintiffs and intervenor have appealed.

Plaintiffs in the trial court were the executrixes of the Estate of Carrie L. Tarrant, deceased. Carrie L. Tarrant was the surviving wife of G. T. Tarrant, deceased. Intervenor J. S. Lewis was a grantee of a royalty interest from Carrie L. Tarrant during her lifetime.

On April 29, 1926, J. E. Criston and wife Martha Criston conveyed to G. T. Tarrant and E. S. Parks, by metes and bounds description, a stated mineral interest in and to the tract of land in controversy, in the Henry Chapel Survey, in Cherokee County, Texas, called to contain 100 acres of land, more or less, which instrument was recorded in Cherokee County, Texas, on May 4, 1926.

On Jan. 24, 1931, G. T. (George) Tarrant executed a conveyance to his wife Carrie L. Tarrant, which was recorded in Cherokee County, Texas, on February 3, 1931, and was recorded in Anderson County, Texas, on March 21, 1931. This instrument will hereinafter be more fully described.

On July 23, 1934, J. E. Christian and wife, Martha Christian, executed a correction deed to E. S. Park and G. T. Tarrant, which deed was recorded in Cherokee County, Texas, on August 2, 1934, and specified that it was "given in lieu of and to take the place of a certain mineral deed from J. E. Christian and wife to E. S. Park and G. T. Tarrant, dated April 29, 1926," and made specific reference to the recording data to identify the conveyance first above referred to, describing the tract in controversy.

On July 25, 1934, G. T. Tarrant conveyed by metes and bounds description a stated mineral estate to defendants' predecessor in title, M. L. Norman, describing the tract in controversy. This instrument was recorded in Cherokee County, Texas, on August 7, 1934.

On Feb. 2, 1954, Carrie Lee Tarrant conveyed a certain stated mineral interest to intervenor J. S. Lewis in the tract in controversy, which instrument was filed for record in Cherokee County, Texas, on March 26, 1954, and was recorded.

It was stipulated that it would not be necessary for any party to prove title beyond J. E. Christian and wife Martha Christian, but neither party admitted that the other party had a chain of title from the common source.

The primary question involved upon this appeal is whether the deed from Tarrant to his wife was sufficient to convey any title to the tract in controversy.

The deed from Tarrant to his wife stated that for a consideration of $1.00 and love and affection he had—

"given, granted and conveyed, and by these presents to give, grant and convey unto the said Mrs. Carrie L. Tarrant, of the County of Cherokee, in the State of Texas, all those certain tracts, lots or parcels of land situated, lying and being in the Counties of Cherokee and Anderson, in the State of Texas, and more particularly described and designated as follows, to-wit:

"FIRST TRACT: All that certain tract or parcel of land situated in Anderson County, Texas, and described as follows, to-wit: (Here follows a metes and bounds description.)

"SECOND TRACT: All that certain tract or parcel of land situated and lying in the County of Anderson in about a mile and a half of the town of Frankston, and being one hundred acres (100) of the Jose Chrino Survey described as follows, to-wit: (here follows a metes and bound description.)

"Also all my right, title and interest in and to royalty contract executed to me by E. C. Stockton and wife, I. A. Stockton, on May 31st, 1922, recorded in Vol. 98, Page 206, Deed Records of Cherokee County, Texas.

"Also all my undivided interest in royalty on 160 acres of land conveyed by Tony Green to Guy Nunnally et al, and in which I was one of the grantees.

"*Also all my right, title and interest in and to the royalty on 100 acres of land conveyed by Christie to E. S. Park et al, and in which I was one of the grantees.*

"Also all mineral rights owned by me in 40 acres of the A. Gibson League and conveyed to me by J. S. Lewis, "together with all and singular the rights, members and appurtenances to the same in any manner belonging.

"TO HAVE AND TO HOLD said property to her, the said Mrs. Carrie L. Tarrant, her heirs and assigns forever." (emphasis added)

The portion of the deed from Tarrant to his wife relied upon by appellants to establish title in them to their claimed interest in the tract in controversy reads as follows: "Also all my right, title and interest in and to the royalty on 100 acres of land conveyed by Christie to E. S. Park et al., and in which I was one of the grantees."

748

In Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468, it was stated:

" * * * But the rule of law is equally clear that resort may not be had to extrinsic evidence to supply the description or location of land required by the Statute of Frauds to be contained in the writing. O'Herin v. Neal, Tex.Civ. App., 56 S.W.2d 1105, writ refused. ' * * * resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum.' Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152.

"What the contract itself must contain to be enforceable is thus stated in Wilson v. Fisher: ' * * * the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.' This test has become the standard by which this Court measures the sufficiency of a writing. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 224; Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309."

In Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, the conveyance was of a stated interest in a certain tract of land in Upshur County, Texas, described as follows:

" '100 acres out of Blocks 8 and 9 of the subdivision of the Jose Maria Pineda Survey, which was patented to Adolphus Stern, Pat. 608, Vol. 2, three miles north of Gladewater, Texas.' * * * 'And said above described lands being under an oil and gas lease originally executed in favor of W. M. Worley and now being held by W. M. Worley. * * *' "

In the Smith v. Sorelle case the trial court had rejected a lease in favor of H. F. Wor-

ley, which in turn adopted by reference a deed containing a metes and bounds description which would have, if considered, provided a sufficient description. There was no reference in the deed there in question to a "H. F. Worley lease", and under the facts in that case there was no "existing writing" as to a "W. M. Worley lease". The Supreme Court of Texas in affirming the judgment of the trial court (and reversing the judgment of the Court of Civil Appeals) stated:

"The rule is well settled that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. 14 Texas Jurisprudence § 251, pp. 1045, 1046. The descriptive words in an instrument should be given a liberal construction, in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient. 14 Texas Jurisprudence § 204, pp. 992, 993, and authorities cited.

 * * * * * *

"In this instance there is nothing in the descriptive data that extrinsic evidence may aid to definitely describe the 100 acres of land. The description contained in the mineral deed from Smith and wife to Busby fails to meet the test as announced by the many decisions of this state, and the deed, therefore, cannot be sustained."

We hold that the deed from Tarrant to his wife was not sufficient to convey any title to the tract in controversy. In addition to the authorities above cited also see the recent case of Jones v. Mid-State Homes, Inc., Tex., 356 S.W.2d 923.

The judgment of the trial court is affirmed.