R. E. CROSBY et ux., Appellants,

v.

Margarett Mott DAVIS et al., Appellees.

No. 296.

Court of Civil Appeals of Texas.

Tyler.

Nov. 2, 1967.

Rehearing Denied Nov. 30, 1967.

R. E. McDaniel, Winnie, for appellants.

Musslewhite & Musslewhite, Lufkin, B. F. Whitworth, Jasper, for appellees.

MOORE, Justice.

This is a trespass to try title suit. Appellants, R. E. Crosby and wife, filed this suit against appellees, Margarett Mott Davis, the surviving widow of Perry Mott, deceased, and the surviving heirs of Perry Mott for title and possession of 23⅔ acres of land in San Augustine County, Texas. Appellees answered by a general denial and a plea of not guilty. Trial was had before a jury. At the conclusion of appellants' evidence, appellees made a motion for an instructed verdict on the ground that appellants' evidence failed to show title in them. The court granted appellees' motion and directed a verdict in their favor. Judgment was accordingly entered against appellants from which they have perfected this appeal.

Appellants contend that the judgment must be reversed because they introduced sufficient evidence to make out a prima facie case showing title, and the court erred in instructing a verdict against them. We disagree with appellants' contention and affirm the judgment of the trial court.

The record shows that the parties stipulated and agreed that R. E. Mott was the common source of title. Appellants sought to establish title out of the common source by two separate chains of title. First, appellants sought to establish title by (1) a deed from R. E. Mott and wife to Harrell Mixon and wife, dated January 6, 1940, and (2) by a deed from the Mixons to appellants dated April 7, 1952. Secondly, appellants sought to establish title based upon (1) a deed from R. E. Mott to Perry Mott dated November 9, 1925, and (2) by offering evidence of a lost deed from Perry Mott to appellants' predecessors in title, Harrell Mixon and wife. Appellants' contentions with respect to each claim of title will be discussed in that order.

With respect to the appellants' first contention, appellees say that appellants acquired no title under this chain of title because the deed from R. E. Mott, the common source, to Harrell Mixon and wife was void in that the description of the land was fatally defective. The deed from R. E. Mott to the Mixons recited in part, as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, R. E. Mott and Susie Mott of the County of San Augustine, State of Texas, for and in consideration of the sum of One Hundred ($100.00) Dollars to _____ paid as follows: Have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Harrell Mixon and Hazel Mixon, his wife, of the County of San Augustine, State of Texas, *all that certain tract of land on Peter Galloway Survey, containing 23⅔ acres more or less, Same laying on the west side of Caddell Creek.*" (Emphasis supplied).

Nowhere does the instrument identify the State or County in which the land is situated.

According to the testimony introduced by appellants, R. E. Mott and wife owned no other land situated in San Augus-

tine County. The undisputed evidence reflects, however, that there was more than 23⅔ acres of land lying west of Caddell Creek.

In 19 T.J.2d, Sec. 123, page 422, it is stated:

"A deed is void as a conveyance if it fails to furnish the means of determining with reasonable certainty the land intended to be conveyed by it. * * *"

Upon examining the foregoing description contained in the deed, it becomes obvious that the description does not, within itself, contain a sufficient description identifying the location of the land. Nor does the deed contain any reference therein to any other existing writing for further description and identification of the land. In other words, the deed contains no "nucleus" or "key" (such as "our land"), to which extraneous evidence may be directly tied to determine the identity of the land sought to be conveyed. Therefore, parol testimony showing this was the only land owned by grantors was not admissible to show the identity and location of the land. The description in the deed being wholly insufficient to identify the land, the deed was void under the statute of frauds. Arts. 3995 and 1288, Vernon's Ann.Civ.St.; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703; Skinner v. Noland, 154 Tex. 615, 281 S.W.2d 332; Jones v. Mid-States Homes, 163 Tex. 229, 356 S.W.2d 923; Cole v. Citizens First National Bank (Tex.Civ.App.), 364 S.W.2d 746.

█ Appellants contend secondly that even though such deed was void, they established another chain of title because the evidence shows R. E. Mott, the common source, executed a deed to Perry Mott dated November 9, 1925, and the proof offered by them shows a conveyance by a lost deed from Perry Mott to their predecessors in title, Harrell Mixon and wife. In this connection, the record reveals that during the course of appellants' evidence, appellees introduced in evidence a deed from R. E.

Mott to Perry Mott. The deed described the 23 acre tract by metes and bounds identical to that set forth in appellants' petition. The effect of this deed, it being prior in time to the deed from R. E. Mott to Harrell Mixon and wife, was to show superior title in appellees. Appellants made no objection to the introduction of the deed, nor did they re-offer the same in their own behalf. Ordinarily, in determining the propriety of an instructed verdict, the court is confined to a consideration of the evidence offered by the plaintiff only, and must disregard that offered by the defendant. Ainsworth v. Ruemke (Tex.Civ.App.), 205 S.W.2d 647, (n.r. e.). However, in this instance, the record shows that appellants relied upon such deed by offering evidence of a lost deed from Perry Mott to Harrell Mixon and wife, appellants' predecessors in title. Consequently, in viewing the evidence in a light most favorable to appellants, we are required to consider the deed as evidence in appellants' behalf. As stated, the deed, being prior in time, would constitute proof of superior title in appellees unless appellants' subsequent proof was sufficient to establish a lost deed from Perry Mott to the Mixons. In an attempt to prove the alleged lost deed, appellants called as their only witness thereto, Mrs. Hazel Morton, the former wife of Harrell Mixon. She testified that at some undisclosed time after she and her husband had obtained the deed from R. E. Mott, they obtained a deed from Perry Mott; that the deed from Perry Mott described the same land they bought from R. E. Mott, and described the same land they conveyed to appellants, R. E. Crosby and wife. She testified that the deed was signed by Perry Mott and was destroyed on December 12, 1947 when her home burned. His testimony further shows that she and Harrell Mixon were divorced in 1958 and that at the time of the trial, he was living in Houston, Texas. She gave no testimony as to why she and her husband found it necessary to acquire the additional deed from Perry Mott. Nor did she offer any testimony as to the consideration for the deed. She did not

state where or when the transaction took place or whether the deed was acknowledged or whether it had been recorded in the Deed Records of San Augustine County. She testified that the only use she and her husband had made of the land was to cut timber from the land on two or three occasions. She did not state the dates nor the amount of the timber cut. Although the evidence shows that the Mixons lived in the same community with Perry Mott for several years, there is nothing in the evidence to show that they ever discussed their claim of ownership with him or brought home notice to him that they were making a claim thereto.

Appellee, Mrs. Margarett Mott Davis, testified that R. E. Mott and Perry Mott were brothers and that within about two years after the time her husband purchased the land in question, R. E. Mott and his wife moved from the land sometime in 1929 or 1930. She testified that since such time, the land had not been occupied; that the land in question was situated approximately three or four miles from where she and her husband had lived and that she did not know anyone was asserting ownership of the land until this suit was filed. She also testified that her husband had paid some taxes on the land but she did not think he paid any taxes thereon since sometime in the 1930s; that she did not pay any taxes after his death; that prior to his death, her husband cut timber and posts from the land on several occasions, and since his death in 1956, she had been on the land several times but had not cut any timber or made any use thereof.

Appellant R. E. Crosby testified that the only use which he had made of the land subsequent to his purchase from the Mixons in 1952 was for hunting and camping; that the land was just "out in the woods." There is no evidence in the record showing a reputation of ownership in the community.

Appellants contend that the foregoing facts are sufficient to prove the existence of the deed by circumstantial evidence or to invoke the presumption that such deed existed.

Proof of a lost deed may be made by circumstantial or presumptive evidence. Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571; Smith v. Taylor (Tex.Civ.App.), 197 S.W.2d 851 (n.r.e.); Price v. Humble Oil & Refining Company (Tex.Civ.App.), 152 S.W.2d 804. The authorities draw no distinction between proof of a deed by circumstantial evidence and proof of circumstances from which the execution of an ancient instrument may be presumed. Price v. Humble Oil & Refining Company, supra, citing cases. Proof of circumstances of a long asserted and open claim, either by possession or other acts of dominion and control adverse to that of apparent ownership, together with the latter's non-claim and acquiescence, is usually held to be sufficient to show a transmutation of title, whether there is evidence of the existence of a lost deed or not. Hutchison v. Massie (Tex.Civ.App.), 226 S.W. 695; Magee v. Paul, 110 Tex. 470, 221 S.W. 254; Masterson v. Harris County Houston Ship Channel Nav. Dist. (Tex. Com.App.), 15 S.W.2d 1011, 67 A.L.R. 1324; Smith v. Taylor (Tex.Civ.App.), 197 S.W.2d 851; Price v. Humble Oil & Refining Company, supra.

The rule was stated thusly in the early case of Mills v. Herndon, 60 Tex. 353, 357:

"Where a party, under a lost or destroyed deed, has exercised acts of ownership and control under it, after a great lapse of time strict proof is not required to establish its existence, contents and subsequent loss. Berry v. Jourden [Jourdan], 11 Rich. (S.C.) L., 67; Lewis v. Baird, 3 McLean, 56 [Fed.Cas.No.8,316]. But where the party claiming under such lost or destroyed deed has permitted a great lapse of time without asserting ownership and control over the property, before he can have title to the land, duly authenticated by written evidence, set aside or vacated on the assumption of the previous lost deed, he must adduce clear

proof, not only of the existence and execution of the purported deed, but also so much of its contents as will enable the court to determine the character of the instrument. Metcalf v. Van Benthuysen, 3 Comst. (N.Y.), 424."

■ As stated, the evidence shows that the alleged lost deed was executed on some undisclosed date after November 9, 1925. There is no evidence showing that either the alleged grantees or appellants ever took possession of the land or asserted a long, continuous, open and notorious claim thereto. In the absence of such circumstances, obviously, there could be no acquiescence by the record owner, Perry Mott. The fact that the Mixons may have occasionally cut some undisclosed amount of timber therefrom would not constitute such a continuous, open and notorious claim of ownership as to place the apparent owner on notice of their claim. White v. Daniel (Tex. Civ.App.), 391 S.W.2d 176. Neither would the fact that appellants occasionally camped or hunted upon the land be sufficient to show a long, continuous and notorious claim of ownership. 2 T.J.2d, Section 71, page 148.

As we view it, the circumstantial or presumptive proof fails to establish a lost deed constituting a muniment of title.

■ In the absence of any proof showing the existence of the deed either by circumstantial evidence or presumption of grant, appellants could recover only by showing the actual existence and execution of the lost deed, together with so much of its contents as would enable the court to determine the extent of the instrument and to be able to render judgment establishing it as a muniment of title. Mills v. Herndon, supra.

■ When parol proof of the existence, execution, and contents of a lost deed is offered as the only evidence thereto, the witness must have seen it and read it, and be able to speak pointedly and clearly of its tenor and contents and to state whether it

conveyed a fee simple, a life estate, or term for years, and whether it, in fact, was executed by the grantor. It should show all the contents of the deed, not literally, but substantially. Hutchison v. Massie, supra, citing Dagley v. Black, 197 Ill. 53, 64 N.E. 275, and Edwards v. Noyes, 65 N.Y. 125, 127. See also Keil v. Wilson, 47 N.M. 43, 133 P. 2d 705, 148 A.L.R. 397. Anything less would not constitute evidence of sufficient probative force to support the submission of an issue thereon, and would have a tendency to lead to evil practices which it was the object of the statute of frauds to prevent. Silverman v. Ponce (Tex.Civ.App.), 268 S. W. 497.

■ In light of the foregoing authorities, it appears to us that the proof offered by appellants fails to establish the contents of the instrument or to show that the same was in fact a deed duly executed by Perry Mott. Only one witness, Mrs. Hazel Morton, testified as to having seen the alleged deed. She did not testify that she had ever read the instrument. Nor did she give any of the circumstances surrounding the transaction or state the reason why she and her husband found it necessary to acquire the additional deed to the property. The evidence fails to show that she ever had any legal training or that she was in any way qualified to express an opinion that the instrument was in fact a deed of conveyance. The evidence further shows Mrs. Morton was no doubt an interested witness because when her husband subsequently conveyed to appellants, they warranted the title. Nowhere in her testimony does she undertake to describe the instrument other than to express an opinion that it was a deed conveying the same land she and her husband purchased from R. E. Mott and the same land conveyed by them to appellant and was signed by R. E. Mott.

■ It is the well settled rule that a party claiming under a lost deed is required to prove the execution thereof as at common law. Anderson v. Walker (Tex.Civ.App.), 156 S.W.2d 990; 37 Tex.Jur.2d, Sec. 11, p. 482.

**144**

■ Proof of execution may be shown by a witness who was present and saw the grantor sign the instrument or by the testimony of a witness showing that he was acquainted with the grantor's signature and that the signature affixed to the instrument was genuine.

■ The rule is stated thusly in Abeel v. Weil (Tex.Com.App.), 115 Tex. 490, 283 S.W. 769, 771:

"* * * Before a witness is qualified, or, in other words, competent, to testify to his opinion or belief that a particular signature presented to him is the genuine signature of another, such witness must be acquainted with the signature or handwriting of such other person. Such acquaintance is not presumed, but must be shown by evidence. Mapes v. Leal's Heirs, 27 Tex. [345,] 346, 348, 349; Hanley v. Gandy, 28 Tex. 211, 213, 214, 91 Am.Dec. 315; Haynie v. State 2 Tex. App. 168, 171; 1 Wigmore on Evidence, p. 1109, § 693, and page 1054, § 654; 11 R.C.L. p. 620, § 41; 1 Greenleaf on Evidence, 577, 22 C.J. § 1161, p. 943, and authorities cited in note 43. The burden of showing that the witness is qualified or competent is on the party offering his testimony. 1 Wigmore on Evidence, p. 1054, § 654. * * *"

The testimony of appellants' witness, Mrs. Morton, fails to show that she was present and saw Perry Mott execute the instrument. Nor does her testimony show that she was acquainted with his signature and that the signature on the deed was genuine. Her statement or opinion that the deed was signed by Perry Mott would not therefore amount to competent evidence of the genuineness of his signature.

Consequently, her testimony was not of sufficient probative force to establish the execution of a deed from Perry Mott to the Mixons.

Appellants having failed to establish any title to the land in question, the remaining assignments become immaterial. Shaw v. Nunn (Tex.Civ.App.), 59 S.W.2d 357.

The judgment of the trial court is affirmed.