**PALOMITA, INC., Appellant,**

v.

**Miriam MEDLEY, Independent Executrix of the Estate of Maurice W. Medley, Deceased, Appellee.**

No. 13–87–401–CV.

Court of Appeals of Texas,
Corpus Christi.

March 31, 1988.

Michael R. Ezell, Koppel, Ezell & Jackson, Harlingen, for appellant.

Marshall R. Ray, Ransome & Ray, P.C., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant, Palomita, Inc., was the defendant in an action by appellee, Miriam C. Medley, independent executrix of the estate of Maurice W. Medley, for an amount owed to Maurice W. Medley for work done on premises owned by appellant. After a trial to the court, judgment was entered for appellee, in addition to imposition and foreclosure of constitutional and statutory mechanic's liens on appellant's property to satisfy the judgment, interest and attorney's fees. This appeal is limited to a consideration of the validity of the statutory lien itself and of attaching interest and attorney's fees to the amount secured by that lien. We affirm the judgment of the trial court imposing, and ordering foreclosure on, a statutory mechanic's lien on appellant's property and awarding attorney's fees and pre-judgment interest, but reverse that portion which includes attorney's fees and pre-judgment interest in the amount of the lien.

In his third, fourth and fifth points of error, appellant complains that the trial court erred in imposing a statutory mechanic's lien, because the mechanic's lien affidavit did not describe an identifiable tract of land, that the court erred in admitting parol evidence to establish the description, and that the court erred in establishing a statutory mechanic's lien on the tract described in the judgment. One requirement for the perfection of a statutory mechanic's lien is that the party claiming the lien must file an affidavit giving "a description, legally sufficient for identification, of the property sought to be charged with the lien." Tex.Prop.Code Ann. § 53.054(a)(6) (Vernon 1984). Appellee's affidavit provided in pertinent part that:

3. Pursuant to a contract by and between Claimant and Palomita, Inc., Claimant performed labor and/or furnished materials to improve the following described real property in Cameron County, Texas:

2.598 acres out of a 7.626 acre part of Block 40 Media Luna Subdivision and the Max Subdivision, Cameron County, Texas.

\*   \*   \*   \*   \*   \*

5. The owner or reputed owner of the above described real property is Palomita, Inc., whose registered agent is Franklin T. Graham, Jr. at 2334 Boca Chica Blvd. Suite 110, Brownsville, Texas 78521.

█ The general requirement for a sufficient legal description of property is set out in *Smith v. Sorelle*, 126 Tex. 353, 87 S.W. 2d 703, 705 (1935):

The descriptive words in an instrument should be given a liberal construction, in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient.

*See also Jones v. Mid–State Homes, Inc.*, 163 Tex. 229, 356 S.W.2d 923, 924 (1962). In accordance with this requirement, if a deed or mechanic's lien affidavit describes property only by a quantity and as being part of a larger tract, it is void for uncertainty of description. *Jones*, 356 S.W.2d at 924; *Smith*, 87 S.W.2d at 705; *Perkins Construction Co. v. Ten–Fifteen Corp.*, 545 S.W.2d 494, 500 (Tex.Civ.App.—San Antonio 1976, no writ).

█ In the present case, however, two clauses of appellee's affidavit describe the property to which the lien was to attach: 1. That it consists of a certain number of acres out of a larger tract; 2. That appellant is the owner of the property.

In *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222, 223 (1949), the Court held that a similar description of a certain quantity of land out of a larger tract was sufficient where the document further described that quantity as "my property" (meaning the conveyor's) and extrinsic evidence showed that the conveyor owned only one piece of land which could fit the description. *See also Kmiec v. Reagan*, 556 S.W.2d 567, 569 (Tex.1977); *Perkins*, 545 S.W.2d at 500.

Extrinsic evidence may have been developed in the trial of the present case to show that appellant owned only one portion of acreage of the size described within the larger tract. In the absence of a complete statement of facts, we must presume that there was evidence to support the judgment of the trial court. *Brockette v. Sosa*, 675 S.W.2d 807, 808 (Tex.App.—Corpus Christi 1984, no writ). Appellant's third, fourth and fifth points of error are overruled.

█ In his first and second points of error, appellant complains that the trial court erred in including the award of pre-judgment interest and attorney's fees in the statutory mechanic's lien.

The trial court and the appellee rely on Tex.Prop.Code Ann. §§ 53.156 and 53.176 (Vernon 1984) to allow an award of attorney's fees and pre-judgment interest to be added on to the amount for which a mechanic's lien secures payment. Those sections of the Property Code provide generally for the recovery of attorney's fees and costs of collection in the following situations:

§ 53.156. Costs of Collection or Defense
(a) If the lien provided under Section 53.021 is not paid before the 181st day after the day the lien is fixed and secured under this chapter, the claimant or owner of the lien is entitled to recover all reasonable costs of collection, including attorney's fees.

\* \* \* \* \* \*

§ 53.176. Attorney's Fees
A lienholder who recovers in a suit on the lien or on the bond is entitled to also recover a reasonable attorney's fee.

The appellant contends that the courts should not infer from these provisions for the recovery of attorney's fees and costs that the legislature intended the amount of the fees to be thereby attached to the mechanic's lien. Appellant relies on cases prior to the adoption of the above sections which held that attorney's fees cannot be included in the foreclosure of a mechanic's lien unless the parties have entered into a written agreement so providing or there is a statute specifically providing for a lien to secure payment of the attorney's fees. *Wood v. Barnes*, 420 S.W.2d 425, 429 (Tex. Civ.App.—Dallas 1967, writ ref'd n.r.e.); *Hennemuth v. Weatherford*, 278 S.W.2d 271, 273 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.); *see also Citizens Co-op Gin v. United States*, 427 F.2d 692, 699 (5th Cir.1970).

At the time these cases were decided, attorney's fees in a mechanic's lien case could be recovered under Tex.Rev.Civ.Stat. Ann. art. 2226 (repealed) by the claimant only where he had a contractual relationship with the owner, thus denying attorney's fees against the owner to subcontractors. *See First National Bank in Graham v. Sledge*, 653 S.W.2d 283, 288 (Tex. 1983); *Efficient Energy Systems, Inc. v. J. Hoyt Kniveton, Inc.*, 631 S.W.2d 538, 540 (Tex.App.—El Paso 1982, no writ). With this in mind, it appears that the primary intent of the legislature in adopting §§ 53.156 and 53.176 was to allow subcontractors to recover attorney's fees in these cases. For several reasons, we are unwilling to infer an additional intent to attach this recovery to the lien.

First, there has been a longstanding policy in this state that in order to create, or in this case extend, a statutory lien, there must be a basis for the lien in the "express language" of the statute. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 89 (1954).

Second, in view of the clear policy of not including attorney's fees in mechanic's liens under art. 2226, we would expect any intention to change this policy to be expressed in the statutes themselves and not left to inference.

Finally, §§ 53.156 and 53.176 must be read in conjunction with § 53.023, which establishes the scope of the lien as follows:

The lien secures payment for:
(1) the labor done or material furnished for the construction or repair; or
(2) the specially fabricated material, even if the material has not been delivered or incorporated into the construction or repair, less its fair salvage value.

Had the legislature intended the lien to secure payment for attorney's fees and court costs, it logically should have added these to § 53.023 as well.

Neither do we find any authority from the statutes to support the trial court's inclusion of pre-judgment interest in the amount of the lien. *See Ingham v. Harrison*, 148 Tex. 380, 224 S.W.2d 1019 (1949).

Appellant's first and second points of error are sustained. That portion of the judgment of the trial court which includes the award of attorney's fees and pre-judgment interest in the amount of the statutory mechanic's lien is modified to delete from the amount of the statutory mechanic's lien, the award of the attorney's fees and pre-judgment interest. As modified, the remainder of the judgment is affirmed.