NUMBER 13-05-338-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MCCORD CONSTRUCTION, INC., ET AL., Appellants,


v.


METAL SALES MANUFACTURING CORPORATION, Appellee.

 


On appeal from the 92nd District Court of Hidalgo County, Texas


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 

 Appellants raise six issues on appeal from a final judgment rendered against them
on claims arising out of a dispute regarding a sales contract for roofing materials. We
affirm. 

In their first issue, appellants contend that the trial court's judgment must be
reversed because "there was no evidence in the record that the [statutory-lien] affidavit was
filed with the county clerk . . . ." See Tex. Prop. Code Ann. § 53.003 (Vernon 2006). "'No
evidence' points must, and may only, be sustained when the record discloses one of the
following situations: (a) a complete absence of evidence of a vital fact; (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere
scintilla; (d) the evidence establishes conclusively the opposite of the vital fact." City of
Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005) (quoting Robert W. Calvert, "No
Evidence" & "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)). 
Although appellants contend that there was "no evidence" that the affidavit was filed, the
record before us includes a copy of the contested affidavit, which was admitted at trial by
agreement of the parties. In addition, the reporter's record includes specific testimony
before the trial court tending to prove that the affidavit was filed with the county clerk. Given
that appellants have not acknowledged this testimony or explained why it is "no evidence,"
even in light of appellee's appellate brief, which points out the testimony, we have no basis
for sustaining appellants' first issue. See Tex. R. App. P. 38.1(h). It is therefore overruled. 
 In their second issue, appellants contend that the trial court erred in awarding a
judgment to appellee in the amount of $86,801.63. According to appellants, the trial court's
judgment neglected to account for credits that appellants were owed for "the cost to repair
any damaged material and for the cost to complete the contract." According to appellants,
the credits totaled $48,597.49 and would reduce the amount to which appellee is entitled
to no more than $31,733.21.

We hold that appellants have not shown themselves entitled to relief. Appellants
have raised no legal or factual sufficiency challenges to the trial court's findings of fact,
even though many of the trial court's findings conflict with the contentions raised in
appellants' second issue. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). The most
notable of these findings include the following:

5. The fair and reasonable price and fair and reasonable value of the
materials supplied by the plaintiff for the construction project, including the
materials called for by the original quote and the other materials
subsequently requested and supplied, totals $86,801.63, which price was
agreed to by McCord.

 

6. McCord failed and refused to pay any portion of the $86,801.63. 


7. The plaintiff did not breach any contract with McCord. 


8. With minor exceptions that did not delay the progress of the project,
the plaintiff did not fail to deliver any materials on a timely basis.

 

10. The plaintiff did not interfere with the contract between Gotcher and
McCord.


11. The materials supplied by the plaintiff conformed with all warranties,
express and implied. The plaintiff allowed all just and lawful offsets,
adjustments, and credits. 


18. The plaintiff has complied with all of the statutory prerequisites
contained in § 53.001 et. seq. Texas Property Code, in order to perfect and
foreclose its lien on the property described in Finding of Fact 1 above. 


19. Delays and other problems on the construction project were not due
to the fault of the plaintiff or its products, but rather to the conduct of McCord
or third parties for whom the plaintiff has no responsibility or circumstances
beyond the plaintiff's control. 


20. The material provided by the plaintiff were [sic] accepted by McCord
and were not properly rejected.


21. McCord did not revoke its acceptance. 


22. McCord did not give the plaintiff reasonable notice of its allegations
of breach of warranty after it discovered or should have discovered alleged
breaches. 

 Because the foregoing findings of fact have not been challenged on appeal, they
are binding. See Hotel Partners v. KPMG Peat Marwick, Chartered Accountants, 847
S.W.2d 630, 632 (Tex. App.--Dallas 1993, writ denied). Because the trial court's judgment
is consistent with these findings, we have no basis for sustaining appellants' second issue. 
See Tex. R. App. P. 44.1(a). It is therefore overruled. 

 In their third and fourth issues, appellants complain that the trial court erred in
applying an incorrect pre and post-judgment interest rate. The request for additional
findings of fact and conclusions of law filed by appellants in the trial court did not address
the trial court's finding of fact 17: "McCord contracted to pay interest at the highest level
of interest." Indeed, we find no indication in the record that the rate of pre and post-judgment interest was contested at trial or that appellants raised this objection with the trial
court before bringing this appeal. See Tex. R. App. P. 33.1(a). Given finding of fact 17 and
section 302.02 of the finance code, which authorizes a maximum rate of 18.00% for pre
and post-judgment interest rates, we conclude that appellants have shown no error in the
trial court's judgment, which calculated pre and post-judgment interest based on a rate of
18.00%. See Tex. Fin. Code Ann. § 302.02 (Vernon 1998). Appellants' third and fourth
issues are overruled. 

 In their fifth issue, appellants contend that the trial court erred by awarding
attorney's fees because attorney's fees "cannot be recovered on a mechanic's lien claim"
and because appellee's claim for breach-of-contract damages was "excessive." Again,
there is no indication that this issue was raised at the trial level. See Tex. R. App. P.
33.1(a). Although we agree that the statutory mechanic's lien was not intended by the
legislature to be used to secure payment for attorney's fees, see Palomita, Inc. v. Medley,
747 S.W.2d 575, 578 (Tex. App.--Corpus Christi 1988, no writ), we view differently an
award of attorney's fees based on a successful action for breach of contract, see Tex. Civ.
Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1987). Given that the amount of damages
recovered by appellee equaled the amount of damages alleged in its live petition, we have
no basis for concluding that appellee should have been barred from recovering attorney's
fees for making an "excessive" claim for damages. See Staff Industries, Inc. v. Hallmark
Contracting, Inc., 846 S.W.2d 542, 548 (Tex. App.--Corpus Christi 1993, no writ) ("A
creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees
for subsequent litigation required to recover the debt. However, absent some evidence of
unreasonableness or bad faith, a demand is not excessive merely because it is greater
than that which is later determined at trial to be due.") (internal citations omitted). We also
have no basis for concluding that the trial court erred. See Tex. R. App. P. 33.1(a). 
Accordingly, appellants' fifth issue is overruled. 

 In their sixth issue, appellants contend that the trial court erred by failing to find that
appellee judicially admitted to owing appellant McCord $88,702.12. Appellants' contention
is based on the following excerpt from appellee's original petition:

The total due for materials provided by McCord is $88,702.12. Such sum
has been demanded, but has not been paid. The plaintiff is entitled to
recover such amount, together with interest and attorney's fees.


 Again, there is no indication that appellants ever requested that the trial court take
judicial notice of this "admission." See id. We overrule appellants' sixth issue because the
quote above is obviously the result of a typographical error. It is not a judicial admission
because it is simply not "a clear, deliberate, and unequivocal statement" that appellee owes
appellant McCord the amount in question. Regency Advantage Ltd. Pshp. v. Bingo
Idea-Watauga, 936 S.W.2d 275, 278 (Tex. 1996). 

 Having overruled appellants' six issues, we affirm the judgment of the trial court. 

 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 31st day of August, 2006.